IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Cause No. 3:14-CR-293-M |
| | § | ECF |
| JOHN WILEY PRICE | § | |
|  a.k.a.  John Wiley Price III | | |

MOTION FOR SEVERANCE OF COUNTS

COMES NOW Defendant JOHN WILEY PRICE, through undersigned counsel, and pursuant to Rules 8 and 14 of the Federal Rules of Criminal Procedure, moves for a severance for trial of counts on the ground that charges of purported public corruption and so-called honest services fraud (counts 1-7) have been improperly joined with alleged tax violations against the United States (counts 8-11) and also because predictable prejudice from inevitable confusion of the issues will result from trying together offenses which are radically different in critical respects:

1. On July 23, 2014, a sealed indictment was returned which charged the Defendant with conspiracy to commit bribery concerning a local government receiving federal benefits, in violation of 18 U.S.C. 371 [18 U.S.C. 666(a)(1)(B) and (a)(2)] (count 1, indictment at pages 11-83); mail fraud (alleged deprivation of honest services) and aiding and abetting [18 U.S.C. 1341, 1346, and 2] (counts 2-7,

Motion for Severance of Counts - Page 1

indictment at pages 84-86); conspiracy to obstruct the IRS, in violation of 18 U.S.C. 371 (count 8, indictment at pages 87-100); and subscribing to false individual income tax returns for 2007, 2008 and 2009, in violation of 26 U.S.C. 7206(1) (count 9-11).

2.　Rule 8, F.R.Crim.P. provides as follows with respect to joinder:

> (a)　The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged-- whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
>
> (b)　The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.  The defendants may be charged in one or more counts together or separately.  All defendants need not be charged in each count.

3.　It has long been the case in the Fifth Circuit that misjoinder questions in a multi-defendant case are governed solely by Rule 8(b), although " 'it may well be doubted if this was the intention of the draftsmen * * * '". *United States v. Bova,* 483 F.2d 33, 35 (5th Cir. 1974) (citing Professor Wright, *Wright, Federal Practice and Procedure,* Criminal, Sec. 144 (1969)).

4.　Misjoinder deprived a defendant of a substantial right, and was therefore considered prejudicial *per se,* before enactment of the Federal Rules of Criminal Procedure and for a long while thereafter. *McElroy v. United States,* 164 U.S. 76, 80

(1896); *e.g., Bova,* 483 F.2d at 35, *United States v. Levine,* 546 F.2d 658 (5th Cir 1977). The Fifth Circuit followed this rule until the Supreme Court's decision in *United States v. Lane,* 474 U.S. 438 (1986) applied a harmless error analysis to misjoinder. 474 U.S. at note 1.

5. The issues raised by tax prosecutions are myriad, complex and often subject to unique parameters. Moreover, possibly more than any other criminal offense, tax violations go to the heart of the relationship between an individual and his government. Imposing punishment for a purported failure to give Caesar his due is as old as organized society, and can be inherently dangerous. *E.g., Cheek v. United States,* 498 U.S. 192 (1991). The standards which govern the evaluation whether bribery has occurred within the meaning of the law is likewise subject to unique standards and involves important questions which go to the heart of the political process. *E.g., Skilling v. United States,* __U.S.__, 130 S.Ct. 2896 (2010). The two offenses - criminal tax violations and bribery - are plainly dissimilar. The risk of confusion of issues in trying the two offenses together is enormous.

6. The two categories of offense, bribery and tax violations, are not based upon "the same series of acts or transactions" as Rule 8 requires. Accordingly, the offenses have been mis-joined. Conduct which gives rise to an allegation of bribery is not the same as conduct which supports an allegation of a criminal tax violation. Moreover,

this device - combining the two for trial on the purported ground that the offenses arise from "the same series of acts or transactions" - invites the very confusion of issues which will cause prejudice to the Defendant. Thus, even if the two categories of offense are deemed to have been properly joined, relief from predictable prejudicial joinder under Rule 14 is warranted.

7. That the two conspiracies are alleged to have occurred during the same time period does not satisfy the standard for joinder - that both offenses are based upon "the same series of acts or transactions". Nor does this factor ameliorate the prejudice which is predictable from jointly trying tax issues with bribery issues.

8. This case presents to the parties, their counsel, and the Court, enormous challenges and herculean tasks. Although we should never suggest that an effort is beyond a jury's capabilities, there is every reason to keep the process as manageable and comprehensible as possible. An understanding of evidence *as it relates to the issues* is crucial to a fair trial. The issues are different for bribery and tax. The bribery trial and the tax trial should be separated. These two categories of offenses have been mis-joined and, in any event, prejudicial confusion of the issues is a predictable consequence of jointly trying tax and bribery issues.

FOR THE REASONS STATED, counts 1-7 have been improperly joined with counts 8-11 and should be severed for trial. In any event, relief from prejudicial joinder is predictable at this time and should be granted.

Respectfully submitted,

*William M. Ravkind*
WILLIAM M. RAVKIND
Attorney and Counselor
Texas Bar No. 16587300
5696 Murray Farm Drive
Fairview, Texas 75069
972.649.6789
BillyRavkind@aol.com

## CERTIFICATE OF CONFERENCE

I have conferred with counsel for the government, Walt Junker, who advised that he will examine our motion before stating a position.

*William M. Ravkind*
WILLIAM M. RAVKIND

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2014 I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to the following individuals who have consented in writing to accept this Notice as service of this document by electronic means: AUSA's Walt Junker and Katherine Miller, 3rd Floor, 1100 Commerce, Dallas, Texas 75242; and all other counsel of record.

*William M. Ravkind*
WILLIAM M. RAVKIND