IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | CASE NO.  3:14-CR-293-M |
| § | |
| JOHN WILEY PRICE (01) § | |
|   a.k.a.  John Wiley Price II § | |
| KATHY LOUISE NEALY (02) § | |
| DAPHENY ELAINE FAIN (03) § | |
| CHRISTIAN LLOYD CAMPBELL (04) § | |

**PROTECTIVE ORDER**

This order is issued in accordance with the Court's contemporaneous ruling on the Government's *Motion for a Protective Order*, Doc. 65, and restricts the disclosure and dissemination of certain documents and information produced by the Government to Defendants or by Defendants to the Government as part of the parties' discovery obligations in this case.

For the purposes of this Protective Order, "protected information" consists of only three classes of information: (1) tax return information, (2) unredacted personal identifying information, (3) and materials produced pursuant to the Government's Rule 502(e) Agreement with Dallas County.  These materials shall be subject to the following orders:

1. The parties shall disclose protected information to each other when necessary to fulfill their respective discovery obligations.  Pursuant to 26 U.S.C. § 6103(h)(4) and FED. R. CRIM. P. 16, the Government is specifically authorized to disclose tax returns and return information, as defined in 26 U.S.C. § 6103, to defense counsel and Defendants.

2. Access to protected information shall be limited to (i) Defendants, (ii) the parties' attorneys, (iii) employees or agents of those attorneys, (iv) photocopying or data processing services, (v) litigation consultants such as jury selection experts, (vi) mock jurors, and (vii)

experts or investigators to whom it is necessary that counsel show the materials for the purposes of the investigation, preparation, trial, appeal, and/or collateral attack of this matter who consent to the jurisdiction and Order of this Court. The parties' attorneys shall inform any person to whom disclosure may be made pursuant to this Order of the existence and terms of this Order, and shall obtain such person's assent to this Order using Exhibit A, attached hereto.

3. For individual tax information, counsel may show a witness, potential witness, and their attorney only the witness's or potential witness's own tax information and tax information that the witness prepared. For organization tax information, counsel may show a witness or potential witness involved in the organization's operations as well as their attorney the tax information for the organization. The parties' attorneys shall inform any person to whom disclosure may be made pursuant to this Order of the existence and terms of this Order, and shall obtain such person's assent to this Order using Exhibit A, attached hereto.

4. Excluding tax information, counsel may also show a witness or potential witness and their attorney protected information for purposes of the investigation, preparation, trial, appeal, and/or collateral challenge of this matter. If a witness, potential witness, or their attorney is shown unredacted materials that contain personal identifying information, such as that listed in [Rule 49.1 of the Federal Rules of Criminal Procedure](), or proprietary or privileged information, the parties' attorneys shall inform any person to whom disclosure may be made pursuant to this Order of the existence and terms of this Order, and shall obtain such person's assent to this Order using Exhibit A, attached hereto.

5. The parties shall not disclose the contents of protected information to any other individual or entity except as provided herein, as agreed to by the parties, or as further ordered by the Court.

6. No additional copies of the protected information shall be made except as necessary for purposes of the investigation, preparation, trial, appeal, and/or collateral challenge of this matter. Any copies shall be treated in the same manner as the original material.

7. The parties shall comply with all statutes, regulations, and rules pertaining to the disclosure of personal identifying information, including Rule 49.1 of the Federal Rules of Criminal Procedure and the Local Rules for the United States District Court for the Northern District of Texas. The parties shall not file personal identifying information with, or submit such information to, the Court or reproduce such information's contends in any court filing unless the filing is placed under seal with the Court's consent, or unless the filing otherwise complies with relevant statutes, regulations, and rules.

8. The parties may continue to disclose protected information to each other pursuant to the parties' ongoing discovery obligations under Rule 16(c) of the Federal Rules of Criminal Procedure without making separate application to the Court.

9. Upon conclusion of this action, defense counsel shall return to counsel for the Government, or destroy and certify to counsel for the Government the destruction of, all protected information produced to the defendants by the Government within a reasonable period of time, not to exceed 30 days after the last appeal is final.

10. As described in the Government's motion, Dallas County produced materials under an agreement pursuant to Rule 502 of the Federal Rules of Evidence (Doc. 79-1, hereinafter "Rule 502 Agreement"), in which the County asserted that certain documents were privileged or otherwise protected because of confidential content. The 502 Agreement further provides that Dallas County will designate what material it claims is privileged or protected. The disclosure or provision of such documents by the Government to Defendants, and the parties' use

of such documents, shall not operate as a waiver of any attorney-client privilege or work product protection that Dallas County has or will assert. Accordingly, Counsel for the Government shall be responsible for providing to Defense Counsel, along with the documents disclosed under this section, a copy of the privilege log prepared by Dallas County in accordance with the Rule 502 Agreement. To the extent that either the Government or defense counsel intend to disclose such documents designated as privileged or protected in said log in any trial or pretrial pleading, they shall give at least 14 calendar days of notice to counsel for Dallas County to allow counsel for Dallas County sufficient opportunity to object. If counsel for Dallas County objects, the documents shall be produced to the Court *in camera* for judicial determination of whether the information is privileged or otherwise protected. In the Court's discretion, it may exclude the use of said documents, order appropriate redactions prior to use, or order that the documents be filed under seal.

**SO ORDERED** November 3, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## **EXHIBIT A**

The undersigned hereby agrees, in accordance with the provisions of the Protective Order entered November 3, 2014, in Case No. 14-CR-293-M, to be bound by such Protective Order, and further states that he/she/it has read said Protective Order and understands and agrees to the terms and conditions thereof, and submits to the jurisdiction of the United States District Court for the Northern District of Texas solely for the purpose of enforcement of the terms and conditions of the Protective Order.

**SIGNED** this _____ day of _____, 201__.

_____