# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | Case No. 3:14-CR-293-M |
| | § | |
| **JOHN WILEY PRICE**, *et al*. | § | |

## ORDER GRANTING MOTION FOR PROTECTIVE ORDER

The Court has considered the Motion for Protective Order Releasing Documents for Destruction and to Quash Subpoena (the "*Motion*") [Doc. 66], filed by John DeGroote and John DeGroote Services, LLC, as liquidating trustee (the "*Liquidating Trustee*") for and on behalf of the BearingPoint, Inc. Liquidating Trust (the "*Liquidating Trust*"), the objections and responses thereto, and the arguments of counsel at the November 19, 2014 telephonic hearing.

Without reaching the issue of whether the Campbell Subpoena[1] is valid and enforceable, the Court finds that the protocol followed by the Liquidating Trust in responding to the Grand Jury Subpoenas was reasonable and appropriate and is likewise reasonable and appropriate as applied to the requests set forth in the Campbell Subpoena, and that production to Campbell of the materials gathered pursuant to that protocol will therefore fully satisfy any obligations the Liquidating Trust may bear in connection with the Campbell Subpoena or reasonably could otherwise bear in connection with this proceeding.

Therefore, the Motion is **GRANTED** as follows:

It is **ORDERED, ADJUDGED, AND DECREED** that, upon the Liquidating Trust's reproduction of the materials previously produced to the USAO pursuant to the Grand Jury Subpoenas to Campbell in the above-captioned proceeding, which reproduction shall occur as

soon as practicable, the Liquidating Trust and the Liquidating Trustee: (i) have satisfied any and all obligations to any and all parties in this proceeding, including the USAO; and (ii) are permitted and allowed to destroy any and all documents and materials maintained by the Liquidating Trust or Liquidating Trustee without further order of this Court; and it is further

**ORDERED, ADJUDGED, AND DECREED** that all materials produced by the Liquidating Trust and Liquidating Trustee, including those materials previously produced to the USAO and that the USAO intends to reproduce to the Defendants in the above-captioned proceedings, are subject to and will be treated as "protected information" as set forth in the Protective Order [Doc. 82] entered by this Court; and it is further

**ORDERED, ADJUDGED, AND DECREED** that any of such materials that are not otherwise relevant to the issues in this proceeding may not be used for any purpose other than the investigation, preparation, trial, appeal, and/or collateral challenge of this matter; and it is further

**ORDERED, ADJUGED, AND DECREED** that, pursuant to Rule 502(d) of the Federal Rules of Evidence, the attorney-client privilege and the work-product protections are not waived by any disclosure made by the Liquidating Trust or the Liquidating Trustee in the proceeding pending before this Court, nor are any attorney-client privilege or work-product protections waived in any other federal or state proceeding as a result of any disclosure made in this proceeding. To the extent that either the Government or the defense counsel intend to disclose documents that could potentially reveal information protected by the attorney-client privilege or the work-product protections, they shall give at least 14 calendar days of notice to the Liquidating Trustee or his designee, if any, to allow sufficient opportunity to object. If the Liquidating Trustee or his designee objects, the documents shall be produced to the Court *in*

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the

*camera* for judicial determination of whether the information is privileged or otherwise protected. In the Court's discretion, it may exclude the use of said documents, order appropriate redactions prior to use, or order that the documents be filed under seal.

    SIGNED November 21, 2014.

                                                                       RENEE HARRIS TOLIVER
                                                                       UNITED STATES MAGISTRATE JUDGE

---

Motion.