IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Cause No. 3:14-CR-293-M |
| | § | ECF |
| JOHN WILEY PRICE | § | |
| a.k.a. John Wiley Price III | | |

MOTION TO WITHDRAW PENDING MOTION FOR
APPOINTMENT OF COUNSEL

COMES NOW Defendant JOHN WILEY PRICE and seeks leave to withdraw his previous motion for appointment of counsel without prejudice to his possible re-submission of a motion for appointment of counsel, at a later date:

1. It is clear from the hearing held January 27, 2015 that this Court will not rule on the appointment of counsel issue without additional information, in particular substantiation regarding the Defendant's assets (*e.g.*, his ability to obtain a home equity loan and additional information about the value of that real estate; his ability to sell or otherwise obtain funds from the rental property occupied by his son and his family and additional information regarding the value of that property; and his ability to obtain funds based on his partial interest in another property; as well as a professional valuation of his vintage cars; etc.). All of these assets (and others) were disclosed in his application and motion, and the tax valuations and mortgage amounts

Motion to Withdraw Motion for Appointment of Counsel Without Prejudice - Page 1

were also disclosed. However, the Court has sought supporting documentation and should the Defendant re-apply for CJA assistance, that documentation of course will be provided. Any re-application will also include details regarding the Defendant's efforts to secure counsel in this case for an amount he is able to afford. The Defendant respectfully disagrees with the Court's assessment that he will be able to secure adequate representation with his current assets, but in accordance with the Court's wishes, he will not re-apply for CJA assistance without at least trying to do so and he has begun that process.

2.      It also is evident that the Court feels the Defendant was remiss in failing to be present at January 27th hearing. In fairness to the Defendant, however, undersigned counsel takes full responsibility for this, having advised the Defendant that his appearance was not necessary. In fact, it was counsel's belief - clearly mistaken - that this was in no way contrary to the Court's wishes.

3.      It is also important to note that the Defendant's previous application was evidently misguided in that it sought appointment of the particular counsel who had represented him previously. Since counsel for co-defendants (during the course of the investigation which preceded the indictment, and during the parallel civil

proceeding[1]) were appointed following this indictment, the Defendant (more precisely, undersigned counsel) believed appointment of undersigned counsel would also be appropriate, given his familiarity with at least some of the pertinent facts and issues as a consequence of his representation prior to the indictment. Although the Defendant was not seeking any result which had not already occurred in this case, including a requested second attorney, counsel well understands that this is not the customary way in which CJA appointments are made and truly had not intended to be presumptuous.

4. As stated, a subsequent application, if any, will include the greater detail mentioned and required by this Court at the January 27, 2015 hearing. The Defendant will also seek to have the matter considered *ex parte* in accordance with the procedures ordinarily followed and in accordance with the law. In counsel's judgment, continued public airing of matters not considered public under ordinarily applicable procedures will only further contribute to undesirable adverse pretrial publicity. The local newspaper has denounced the Defendant for seeking court-appointed counsel and has even stated that his assets include items owned by a co-

---

[1] On June 27, 2011 and on June 6, 2012, the bulk of the Defendant's assets were seized. See *United States of America v. $229,590.00 in United States Currency Seized from a Safe in the Home of Dallas County Commissioner John Wiley Price; $230,763.47 from Dallas County Commissioner John Wiley Price's Sale of 7001 Grady Niblo Road, Dallas, Texas*; Case No. 3:12-CV-893-D. As a consequence, these assets are not available to the Defendant.

defendant, albeit without any support for those assertions (unless an indictment now constitutes evidentiary support for a proposition). Some have suggested that attorneys would handle this case at a greatly reduced rate "for the ink." The Defendant respectfully submits that the last thing this case needs is more ink. The government has yet to make an opening statement or present its first witness and yet the tenor of news coverage appears to be that the Defendant is guilty. The most current headlines say he failed to show up for a hearing and suggest without actually saying so that he failed to disclose all his assets, a contention even the government does not make, although given ample opportunity to do so.

5. The Defendant does not want this motion to withdraw to be misinterpreted, and he expressly reiterates that he does not have the means to secure assistance of counsel commensurate with the scope and complexity of this case. As suggested at the hearing before Magistrate Judge Toliver, one method for ascertaining the volume of legal work required by this case would be to conduct a hearing to determine the number of hours devoted to the investigation and case by government attorneys, para-legals and support personnel, and government agents and support personnel. If accurately reported, it will be 1,000's of hours. In the event the Defendant re-applies for assistance, he will request that the Court require the government to submit this data as highly useful in a determination of what this case reasonably requires. We

respectfully submit that the government's continued refrain (that it has no position on the appointment of counsel) is, at best, confusing - given that each step it takes (beginning and continuing with the seizure of assets) makes successful defense (that is, a real defense) less likely. The case is also exceptionally complex due to

> (1) the unusual (in our view, inexplicable) and extraordinary volume of discovery material (according to the government, the discovery consists of 6.5 terabytes of digital data + considerable additional material; the government has advised that the defendants likely will want about 2.5 terabytes of the digital data); and, respectfully, although incessantly referred to as "evidence", it is extremely likely that very little of this will actually qualify as "evidence" but it must be reviewed;
>
> (2) the length and scope of the indictment (over 100 pages; many, many factual assertions; an alleged time period which not only exceeds a decade but commences over 13 years ago, in January 2001); and
>
> (3) complexity of legal issues (the case presents two strands of accusation, both of which - if case law is any guide - are invariably legally complex: bribery of a public official, and tax violations, including a *Klein* conspiracy).

The government issued nearly 1,000 grand jury subpoenas for documents in this case. Those documents alone - if issued to obtain documents that were actually reviewed

and analyzed - represent 1,000's of hours, and that is but one category of materials identified by the government. The source of the problem - how to assure adequate legal representation in a situation where everyone knows the task, adequately performed, will require 1,000's of hours - is the indictment, not the Defendant's efforts to secure legal assistance commensurate with this gargantuan accusatory pleading. The indictment is a monstrosity - 100's of assertions, covering more than a decade, events from as long ago as 2001 (lifetimes ago): impenetrable and, respectfully, foreclosing any real scrutiny. It is certainly not the plain, concise, and definite written statement of the accusation which the law requires, for good reason. Rule 7, F.R.Crim.P.

6. The Defendant also stands by his sworn financial affidavit submitted with his previous motion for appointment of counsel as well as the information provided in his prior motion, including the notification to the courts regarding the lots that were the subject of comment at the hearing held January 27, 2015.

7. The Defendant further notes that he has never refused to contribute economically to the costs of his defense in this case. He stated that he could not contribute $60,000 up front and that remains true. The government's representation

at the time of the hearing that he had $60,000 in his campaign fund was not correct.[2] As the Court now knows, the government also omitted to mention to the courts (until recently) the funds seized from the Defendant at the time of his arrest which they now represent are available for his defense, although curiously those funds still have not been returned to him.

8.  The Defendant continues to question whether his campaign funds may be used to defend a criminal accusation and questions whether it is appropriate for his adversary - a federal prosecutor - to serve as the arbiter of what use may and may not be made of campaign funds received from constituents by a local government office holder. He has previously sought expert advice on the use of such funds for legal services, in a different context and was advised it was authorized for the particular purpose at issue.[3] It is clear that further attention must be devoted to this issue in the event the Defendant were to re-apply for court-appointed counsel. The same would apply to the Court's question regarding use of campaign funds for the very modest contributions referenced at the hearing and its question whether the County car allowance benefit should be construed to render use of his campaign vehicles and car

---

[2] In fairness, the government did not represent that the $60,000 amount it specified as available to the Defendant for payment of legal fees actually pertained to a particular time period.

[3] This occurred in particular reference to the payment of attorney fees which the Court referenced at the hearing. That payment was made to a civil practitioner.

Motion to Withdraw Motion for Appointment of Counsel Without Prejudice - Page 7

expenses incurred for political purposes an inappropriate additional expense.[4]

9.   Finally, the Defendant believes withdrawal of the motion for court-appointed counsel is necessary because the Court has indicated that he must have any supplemental information for the Court by next Tuesday, February 3, 2015, and he does not think he will be able to comply with this Court's directive to produce the items required within a week, particularly given the necessity to consult with and acquire opinions from bankers and experts.  However, he has begun the process of collecting this information.

FOR THE REASONS STATED, the Defendant, through his counsel, requests the Court grant him leave to withdraw his application for appointed counsel without prejudice to the possible re-submission of an application in the future, in accordance with this Court's expectations at the January 27th hearing.

Respectfully submitted,

*William M. Ravkind*
WILLIAM M. RAVKIND
Texas Bar No. 16587300
5696 Murray Farm Drive
Fairview, Texas 75069
972.649.6789
BillyRavkind@aol.com

---

[4] The two campaign vehicles (both vans w/Commissioner Price's picture) are routinely used for appearances and are also mentioned in the prior disclosures to the courts. There is no temporal limit on campaigning.  For most office holders, it is an ongoing phenomenon.

CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2015 I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to all counsel who have consented in writing to accept this Notice as service of this document by electronic means, 3rd Floor, 1100 Commerce, Dallas, Texas 75242.

*William M. Ravkind*
WILLIAM M. RAVKIND