IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | |
| JOHN WILEY PRICE (01)<br>   a.k.a John Wiley Price III<br>KATHY LOUISE NEALY (02)<br>DAPHENY ELAINE FAIN (03)<br>CHRISTIAN LLOYD CAMPBELL (04) | 3:14-CR-293-M<br><br>**ECF** |

Discovery Notice

The United States files this notice to give a revised estimate as to the amount of discovery in this case and to provide an update on the status of the discovery process.

The discovery is now estimated to consist of approximately 4.5 terabytes[1] of materials electronically stored and acquired from searches, subpoenas, voluntary disclosures, and other investigative methods. The present estimate includes IRS documents, files related to the forfeiture proceeding, photos, audio and video recordings. However, the estimate still excludes materials too bulky to scan and approximately 14 boxes of materials to which the defense team has been offered access.

Previously, it was estimated that there would be approximately 6.5 terabytes of electronic discovery materials. (Doc. # 34) That original 6.5 terabytes estimate did not include additional

---

[1] More precisely, the electronic discovery materials produced to date total approximately 4.372 terabytes. That number is expected to increase due to the government's on-going disclosure duties to the defense.

materials such as IRS documents, photos, audio and video recordings, other seized documents, and materials too bulky to scan.

The change in the estimated amount is primarily due to a miscommunication that is explained in the attached declaration of Computer Forensics Examiner Jackie Northrup. Originally, it was estimated that there was approximately 4 terabytes of material related to forensic images of storage devices such as laptops, hard drives, cell phones, and other electronic devices and media. That estimate has now been reduced to 2.1 terabytes.

Discovery production to the defense is now largely complete.[2] Prior to indictment, the defendants received all the information seized from them except materials too bulky to scan. Since indictment, the United States has made 25 discovery productions including supplements. Over 2 terabytes of that material has been produced in a Concordance format that can be readily loaded into a searchable defense database.

The advantage of the electronic discovery is that it gives the defense unfettered access to the information with much of it in a searchable format. The disadvantage is that all parties have experienced unexpected delays in the discovery process. If necessary, those delays will be addressed by motion in the near future.

---

[2] We expect that there will be some additional productions as we answer questions from the defense and obtain additional evidence in preparation for trial.

Respectfully submitted,

JOHN R. PARKER
UNITED STATES ATTORNEY

s/ *Walt M. Junker*

Walt M. Junker
Assistant United States Attorney
Texas State Bar Number 24038115
1100 Commerce Street, Suite 300
Dallas, Texas 75242
Telephone:   (214) 659-8630
Facsimile:    (214) 659-8805
walt.junker@usdoj.gov

CERTIFICATE OF SERVICE

     I hereby certify that on October 12, 2015, correct copies of this document were served on counsel of record by electronically filing the pleading with the clerk of court for the U.S. District Court, Northern District of Texas using the ECF system.

s/ *Walt M. Junker*

Walt M. Junker
Assistant United States Attorney