IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

JOHN WILEY PRICE (01)
KATHY LOUISE NEALY (02)
DAPHENY ELAINE FAIN (03)

3:14-CR-293-M

## ORDER GRANTING DEFENDANTS' SECOND MOTION FOR CONTINUANCE AND CONTINUING TRIAL DATE AND PRETRIAL DEADLINES

This matter is before the Court on an unopposed Second Motion for Continuance filed by Defendants John Wiley Price, Kathy Louise Nealy, and Dapheny Elaine Fain. For the following reasons, the Court grants the Motion and continues the trial of this case to September 6, 2016.

I.

On July 23, 2014, a federal grand jury returned a 13-count, 107-page indictment charging Defendants and others with Conspiracy to Commit Bribery Concerning a Local Government Receiving Federal Benefits, in violation of 18 U. S. C. § 371 [18 U. S. C. §§ 666(a)(1)(B) and (a)(2)]; Deprivation of Honest Services Fraud by Mail Fraud and Aiding and Abetting in violation of 18 U. S. C. §§ 1341, 1346, and 2; Conspiracy to Defraud the Internal Revenue Service in violation of 18 U. S. C. § 371; Subscribing to a False and Fraudulent U. S. Individual Income Tax Return in violation of 26 U. S. C. § 7206(1); Attempt to Evade or Defeat Payment of Tax in violation of 26 U. S. C. § 7201; and making a False

1

Statement in violation of 18 U. S. C. § 1001. The indictment covers a ten-and-a-half year time period, from approximately January 2001 to June 2011.

Defendants made their initial appearances on July 25, 2014. On August 26, 2014, the Court declared this case complex and granted a continuance of the trial to January 19, 2016. On October 14, 2015, Defendants filed a second motion for continuance, in which they contend that they have not received full access to, or had the opportunity to review, a substantial portion of the discovery produced in this case, and suggest that a continuance of not less than twelve months is just and appropriate. The Government agrees that there have been problems with discovery and does not oppose a continuance, but objects to a one-year postponement of the trial.

## II.

Pursuant to 18 U. S. C. § 3161(h)(7)(A), a court can grant an "ends of justice" continuance "at the request of the defendant or . . . counsel or at the request of the attorney for the Government, if the judge grant[s] such continuance on the basis of . . . findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. " *Id.* One of the factors a court may consider in granting an "ends of justice" continuance is "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U. S. C. § 3161(h)(7)(B)(ii).

This case is a complex case in which Defendants are charged in multiple counts describing bribery and tax conspiracies spanning more than a decade and involving numerous financial transactions relating to multiple companies having contracts or other business with Dallas County. Additionally, this case involves a quantity of discovery that is considerably greater than the usual case. The parties' estimates for the total volume of discovery materials produced range from 4.5 terabytes (TB), on the low end, to 7.5 TB, on the high end.[1] *See* Def. Mot. [Docket Entry # 173] at 16. These materials include at least the following:

- 286 discs containing Commissioner's Court recordings for 2002-2011, for which no transcripts have been provided;
- An additional 70.8 gigabytes of Commissioner's Court videos and miscellaneous audios;
- 10 discs of unindexed material seized through search warrants from Defendants Price, Nealy, and Fain;
- 1,862.5 gigabytes of information in Concordance format, including subpoenaed materials and other documents intended for the prosecution's case-in-chief;
- 7 hard drives of pole camera videos;
- 2,100 gigabytes of electronically-stored information and digital data in various formats, extracted from more than 100 electronic devices;
- 23 bankers' boxes of documents made available for inspection;
- 500 gigabytes of emails and documents produced by Dallas County;
- 29 gigabytes of "1-D recordings and data;"
- 4 discs with materials from the civil forfeiture case;
- IRS tax returns and audits;
- Criminal records;
- Search warrant and surveillance photographs; and
- Materials too large or bulky to be scanned.

---

[1] One TB is equivalent to approximately 1,000 gigabytes (GB). It is estimated that one TB of storage can hold more than 85,000,000 pages of Word documents; or, more than 300,000 photographs; or, 500 hours of movies. *See, e.g.,* Brown, Kelly. "The Information Umbrella." *The Information Umbrella*. University of Oregon, 8 July 2014. Web. 29 Oct. 2015.

The Court concludes that additional productions will be forthcoming, including grand jury transcripts and witness statements.

In addition to the sheer volume of discovery materials, there have been significant delays in the production of discovery in this case. The Government's production to date began in September 2014 and was not completed until late September 2015. Further, Defendants did not have access to the discovery in a usable database format until October 5, 2015.

The Government attributes some of this delay to difficulties in coordinating with different defense counsel. According to the Government, it could not begin production of electronic discovery until defense counsel agreed on a database format for the production. Several months after indictment, the majority of defense counsel selected a format, but Defendant Price's former counsel is alleged to have refused to make a selection, instead insisting that the Government produce a copy of its Concordance database program, which, the Government maintains, cannot be shared under federal copyright laws. This stalemate continued until Defendant Price's current counsel was appointed under the CJA.

The Government also experienced delays with its production due to its limited access to resources for processing discovery. *See* Gov't Resp. at 2. In this case, the Government sent the electronic discovery to a central processing facility to be converted to a database format. The facility handles a large number of voluminous requests, and there was a delay in turn-around time due to the number of other requests being processed. Additionally, the Court has

been advised that several batches of discovery in this case had to be reprocessed by the central processing facility.

In view of these problems with discovery, on May 12, 2015, the Court appointed the Federal Public Defender ("FPD") for the Northern District of Texas to serve as the coordinating discovery attorney in this case. This appointment helped streamline the discovery process, as it reduced the difficulties the Government had in coordinating with multiple defense counsel. The appointment also enabled the FPD to provide discovery hosting and forensic processing services in this case, at a significant savings to taxpayers. Although the FPD encountered some unexpected delays in obtaining and assembling the computer server that hosts the discovery, the system for that hosting is now complete. The FPD's technical staff have been processing the electronic discovery and loading it onto the server since early October 2015. The FPD has represented to defense counsel that the system will be available for their use in November 2015.

Trial is currently set for January 19, 2016, less than three months from now. This short period from the availability of the system provides insufficient time for defense counsel to review the voluminous discovery materials, to investigate as a result of such review, and to prepare for trial. Accordingly, the Court finds that the ends of justice served by granting a trial continuance outweigh the interest of the public and Defendants in a speedy trial. Defendants' unopposed request for a second continuance is **GRANTED**.

III.

Neither Defendants nor the Government identify a specific amount of time for the unopposed continuance. Defendants ask for a continuance "which is commensurate with the volume of discovery which must be reviewed and which is on a level playing field with the prosecution's opportunity to review the same material." Def. Mot. [Docket Entry # 173] at 20. They propose that "anything less than a 12-month period from the time the data becomes available for review . . . would be unrealistic and in fact impossible given the extraordinary volume of data." Def. Proposed Order [Docket Entry #181-1] at 2. The Government opposes a twelve-month continuance, but offers no specific alternative time frame.

The Government contends that the Defendants have had in their possession "a good amount" of the discovery materials since late 2012. This argument ignores that the discovery materials produced by the Government were not available in a database format, and will not be available to the Defendants in such a format until early November. It is indisputable that Defendants are entitled to a fair opportunity to review the significant volume of discovery in this case in an accessible database format, to conduct a thorough independent investigation, and then to fully prepare for trial. Having carefully considered the parties' arguments, the Court determines that a seven-and-a-half month continuance affords Defendants such an opportunity and does not unreasonably prejudice the Government. In setting the case, the Court must also be mindful of the need to find a place on the Court's docket that will allow for the completion of a trial the parties have estimated will likely last three to four months.

Therefore, the Court continues the trial of this case to **Tuesday, September 6, 2016 at 9:00 a. m.** The Pretrial Conference is also continued to **Monday, August 29, 2016 at 9:00 a. m.**

Pretrial motions, if any, must be filed by **June 13, 2016**, and responses thereto must be filed by **June 27, 2016**.

**Initial Designation of Experts:** Unless otherwise stipulated or directed by Order, any party with the burden of proof on an issue shall file a written designation of the name and address of each **expert witness** who will testify at trial on such issue(s) and otherwise comply with Rule 16 (a)(1)(G), Fed. R. Crim. P. on or before **June 13, 2016**.

**Responsive Designation of Experts:** Any party without the burden of proof on an issue but who wishes to utilize an expert witness shall file a written designation of the name and address of each **expert witness** who will testify at trial for that party on such issue(s) and shall otherwise comply with Rule 16(a)(1)(G) on or before **June 27, 2016**.

**Objections to Experts:** Objections to the qualifications or competency of experts, sometimes referred to as *Daubert* motions, <u>must</u> be made in a written motion filed no later than **July 11, 2016**.

Requested voir dire questions, proposed jury instructions (both e-filed and emailed in "Word" format to the email address <u>lynn_orders@txnd. usourts. gov),</u> witness lists (with witnesses designated as "custodial," "expert," or "fact," as well as "probable" or "possible"), exhibit lists (with copies of exhibits furnished to the Court and opposing parties), and motions in limine must be filed no later than **August 22, 2016**. Counsel are directed to the

requirements for the handling of exhibits set forth in the Court's prior Order Continuing Trial Date [Docket Entry # 36] at 4.

Counsel are also directed to the Court's prior Order Continuing Trial Date which sets forth other trial protocol and requirements which must be observed.

Finally, the Court expects all parties to proceed to trial on the date set.   A further request for continuance is exceedingly unlikely to be favorably considered.

**SO ORDERED.**

**DATED:    October 29, 2015.**

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS