IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | |
| § | Case No. 3:14-CR-293-M |
| JOHN WILEY PRICE (01) § | |
|     a.k.a. John Wiley Price III § | |
| KATHY LOUISE NEALY (02) § | |
| DAPHENY ELAINE FAIN (03) § | |

MOTION FOR ADDITIONAL SCHEDULING ORDER DEADLINES

The government respectfully submits this Motion for Entry of Scheduling Order. As per the Court's Order Granting the Defendant's Unopposed Motion for Continuance and Continuing Trial Date and Pretrial Deadlines (dkt. 269), the parties conferred regarding certain dates for pretrial matters. To that end, the parties submitted a Joint Proposed Pretrial Deadlines asking the Court to set agreed pretrial deadlines for experts, pretrial motions and responses, objections to experts, and pretrial materials. (Dkt. 271.) In the course of discussions with defense counsel, the government identified other dates that, in the government's view, warrant an order establishing an appropriate schedule to facilitate the parties' preparation for trial in February 2017.

Specifically, the government asks the Court to set a deadline (a) for the defendants to file any additional motions for continuance; (b) for the defendants to produce reciprocal discovery; and (c) for all parties to produce any remaining witness statements. Each of the requested pretrial deadlines is appropriate for the following reasons.

1. **<u>Deadline for Filing Additional Continuance Motions</u>**.  The government proposes that the Court set a deadline for any additional motions for continuance to be filed no later than January 2, 2017.  The government is preparing for trial in accordance with the Court's February 2017 setting and has attempted to propose pretrial deadlines to facilitate commencement of trial on that date.  It appears, however, that the defendants may already be contemplating a further continuance of this matter.  In particular, in response to the government's proposed pretrial schedule, the defendants specifically noted that their agreement to a pretrial materials deadline of January 9, 2017, was not a concession that it was possible to review the discovery and prepare for trial by the Court's current setting.

The possibility of another continuance raises a concern for the government as it relates to the government's disclosure of exhibits and witnesses as well as the collection of information from potential jurors in response to the anticipated juror questionnaire.  To facilitate the February 2017 trial setting, the government proposed a pretrial materials deadline well in advance of the Court's prior deadlines, which have not required such disclosure until about one-to-two weeks before trial.  (*See, e.g.*, dkt. 23 (requiring exhibits and witnesses to be disclosed six days before trial); dkts. 36 and 183 (requiring exhibits and witnesses to be disclosed 15 days before trial).)  The government's concern, however, is that once the defendants receive the government's pretrial materials on January 9, 2017, the defendants will seek another continuance of the trial setting, giving them more time with the government's proposed trial exhibits and identification of trial witnesses.  To alleviate that concern, the government believes that if the defendants need

to file a motion for continuance, they should be required to do so *prior to* disclosure by the government of its trial exhibits and witness list.  Furthermore, the proposed pretrial schedule sets January 9, 2017, as the day the completed questionnaires would be disclosed to the parties.  The government does not believe it appropriate for the questionnaires to be disseminated and then the trial continued again.

Once these pretrial deadlines have past, the government contends that any further continuance would be inappropriate, absent some significant development.  While the government understands that circumstances change, the government asserts that to the extent the defendants believe an additional continuance is necessary due to the volume of discovery, it needs to be addressed sooner rather than later.  Furthermore, the government requests that if an additional continuance motion is filed on or about January 2, 2017, the parties' obligation to disclose exhibits and witness lists (and other pretrial materials), as well as the Court's disclosure of completed juror questionnaires, be held in abeyance pending resolution of the continuance motion.

2. **Defendants' Reciprocal Discovery Deadline**.  The government proposes that the defendants produce any reciprocal discovery no later than November 7, 2016. The government has made repeated requests for reciprocal discovery under Federal Rule of Criminal Procedure 16.  The parties have engaged in some discussion regarding the defendants' reciprocal discovery obligations and one defendant (Fain) has produced some documents.  The government asks the Court to set a deadline for the defendants to produce whatever reciprocal discovery material they believe is required so that the

government is apprised of whether it is necessary to file any additional motions relating to the same.

      3.    **Remaining Witness Statements**.  The government proposes that both parties—government and all defendants—produce any remaining witness statements no later than January 23, 2017.  On June 27, 2016, the government produced the vast majority of FBI 302s, IRS-CI memorandums of interview, and transcripts of grand jury testimony.  The government reserved certain additional Jencks material to be disclosed at a later date.  (*See* dkt. 229 n.1.)  The government is prepared to produce the remaining Jencks material no later than January 23, 2017, roughly one month prior to trial and well in advance of the government's statutory obligation.  *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2(a).  The government asks that the defendants make a similar early production of any material not produced by the reciprocal discovery deadline.  *See* Fed. R. Crim. P. 26.2(a).  The early production of any such material by the defense will facilitate the trial process, avoid unnecessary delays during testimony, and eliminate unfair surprise.

    For the foregoing reasons, the government asks the Court to include the above-referenced dates in the scheduling order in this case.

Respectfully submitted,

JOHN R. PARKER
UNITED STATES ATTORNEY

s/ *Walt M. Junker*
WALT M. JUNKER
Assistant United States Attorney
Texas Bar No. 24038115
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214.659.8630
Facsimile: 214.659.8803

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2016, I electronically filed the foregoing document with the Clerk of Court for the United States District Court for the Northern District of Texas using the electronic filing system of the Court. The electronic case filing system will send a notice of filing to all the attorneys of record who have consented to such service.

s/ *Walt M. Junker*
Assistant United States Attorney

## CERTIFICATE OF CONFERENCE

Over the course of several days, the parties exchanged proposals and electronic communications regarding the proposed pretrial deadlines. The government understands that the defendants object to the need for additional pretrial deadlines and disagree as to particular dates selected by the government and will file a separate response.

s/ *Walt M. Junker*
Assistant United States Attorney