UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO.3:14-Cr-293-M |
| | § | |
| JOHN WILEY PRICE (01) | § | Barbara M.G. Lynn, Chief Judge |

## <u>MOTION TO STRIKE SURPLUSAGE IN THE INDICTMENT OR, ALTERNATIVELY, TO DISMISS THE INDICTMENT</u>

The Defendant, through counsel, and pursuant to the provisions of Rules 7(c)(1) and 7(d), F. R. Crim. P., the Separation of Powers  and the Judicial Power of the United States secured by the Constitution, and the due process of law secured by the Fifth Amendment to the U.S. Constitution, moves this Court to enter an order striking surplusage from the indictment or, alternatively, dismissing the indictment because it is replete with merely descriptive and purely evidentiary allegations, as well as allegations of concealment for the purpose of interdicting limitations, and because it is not "a plain, concise, and definite written statement of the essential facts constituting the offense charged . . .", as the law **requires**; in support of this motion, the Defendant submits the following for the Court's consideration:

### A.    <u>Pleading Rules</u>

1.    Rule 7(c)(1) of the Federal Rules of Criminal Procedure provides in pertinent part that an indictment "**must be a plain, concise, and definite written statement**

**of the essential facts constituting the offense charged** . . .” (emphasis added).

2.      Rule 7(d) of the Federal Rules of Criminal Procedure provides:  “The court on

motion of the defendant may strike surplusage from the indictment or information.”

## B.      <u>Constitutional Provisions</u>

3.              “The judicial Power of the United States, shall be vested
                in one supreme Court, and in such inferior courts as the
                Congress may from time to time ordain and establish.”
                U.S. Constitution, Article III, §1

4.              “No person shall be held to answer for a capital, or otherwise
                infamous crime, unless on a presentment or indictment of
                a Grand Jury . . .; nor shall any person . . . be deprived of
                life, liberty, or property, without due process of law; . . ..”
                U.S. Constitution, Amendment V

## C.      <u>Indictment Assertions of State and Local Law</u>

5.      In numerous instances, the indictment references State and local law: Article

16, Section 1 of the Texas Constitution [¶6]; Texas Penal Code, Section 36.02(a)(1)

and (3) [¶6]; Texas Local Government Code, Chapter 159 and Texas Government

Code, Chapter 572 [¶8]; Commissioners Court Order 2011-507 and Texas Local

Government Code, Chapter 159 [¶9]; ¶17: “State and local law dictated certain

procedures to safeguard the confidentiality of the proposals’ contents, prevent

disclosure to competing offerors, and keep the information secret during negotiations

between potential vendors and the County[,] which “included . . . Texas Local

Government Code, Section 262.0225, Additional Competitive Procedures”; . . .

Texas Local Government Code, Section 262.030, Alternative Proposal Procedure for

Insurance, High Technology Items, and Special Services"; . . . Chapters 74 and 86 of the Dallas County Code"; "Texas law and Dallas County's local code and transparency policy [¶18]; State of Texas guidelines [¶¶s71, 77 and ¶94's incorporation of ¶¶s 71 and 77]; the incorporation in Counts 2-7 and Count 8 of ¶¶s 6, 8, 9, 17, 18, 71, 77, 97 [¶¶s 297, 302, and 304]; "state law mandated" [¶97, 330, 333, 340, 345, 351, 359, 362, 369]; incorporation in the Forfeiture Notice of ¶¶s 6, 8, 9, 17, 18, 71, 77, 94, 97, 297, 302, 304, 330, 333, 340, 345, 351, 359, 362, 369 [¶1 of Forfeiture Notice incorporating the allegations in the Introduction and Counts 1-7].

6.      These portions of the indictment are surplusage.  Instead of plainly and concisely stating the elements of the offense, their inclusion is an improper effort to foreclose a challenge to the admissibility of such information as evidence at trial. These allegations are at best assertions that the matter is evidence which supports the allegation that a crime was committed.  By including purely evidentiary assertions in the indictment, the admissibility of which the government would otherwise have to defend under the rules of evidence, the government forecloses any challenge to the admissibility of this evidence.  This is not an appropriate use of pleading.  It forecloses judicial scrutiny under the rules of evidence.  **It enables the government to skip a few steps.**  An evidentiary indictment improperly interdicts the adversarial process with respect to the admissibility of evidence, in derogation of the rules of procedure and evidence and the defendants' right to a fair trial.  Even more

fundamentally, the pleading of an evidentiary indictment assures that matters committed to the presiding judge are instead entrusted to the Executive Branch (the prosecution), in derogation of the Separation of Powers fundamental to our constitutional system and in derogation of Article III which vests the judicial Power of the United States in the Supreme Court and the lower courts established by the Congress.[1]

### D.   Surplusage Which Expands the Allegations of the Indictment

7.     Additional assertions must be stricken as surplusage.   These portions improperly use the term "including" or "others" to expand the allegations in a wholly imprecise and **indefinite** way. These references in the indictment are expansive, open-ended, and indefinite and should be stricken: "Among other things" [¶22]; "among others" [first ¶ following Manner and Means of the Conspiracy at page 12, ¶40 and 40.d, ¶41, ¶47, ¶53, ¶65, ¶73, ¶82, ¶91, ¶92, ¶93, ¶318, ¶324]; "for example" [¶47.h; ¶65.I, ¶73.k, ¶82.e, ¶92.a]; "examples"[¶91.c]; ¶318 ["and additional sources"]; "and other taxable income" [¶322]; "and other income" [¶329, ¶341, ¶348, ¶355, ¶361, ¶366, ¶367]; "including but not limited to" [2] [Forfeiture Notice, ¶2].

8.     Use of the terms "and others" and "among others" and similar phrases

---

[1] This type pleading has another adverse consequence as well, the generation of adverse publicity.

[2] The indictment frequently uses the term "including".   We have not challenged that terminology as surplusage because it does not expand the indictment's allegations as does the term "including but not limited to".

constitute surplusage which should be stricken. *United States v. Freeman*, 619 F.2d 1112 (5th Cir. 1980), *cert. denied*, 450 U.S. 910 ("including but not limited to" language is surplusage and should be stricken).

9.     All-embracing, indefinite language is forbidden by the mandatory rules of pleading.  Moreover, an evidentiary indictment offends the rules of evidence by foreclosing judicial inquiry, and these violations of the rules also result in constitutional infirmities.  Not only does expansive language such as "among others" deprive a defendant of the notice due process requires, this charging strategy permits constructive amendment of an indictment in derogation of a defendant's rights under the Fifth and Sixth Amendments.  The indictment must specify and the grand jury must find probable cause with respect to each allegation.  Otherwise, conviction may be based on a ground not found by the grand jury *or* conviction and/or sentence may be based on a ground not necessarily found by the jury.  This would offend the defendant's right to trial by jury under the Sixth Amendment to the U. S. Constitution. *E.g.*, *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  It would also abridge the defendant's fundamental right to trial upon only those charges returned by the grand jury, secured by the Fifth Amendment to the U.S. Constitution. *E.g.*, *Ex parte Bain*, 121 U.S. 1 (1887); *United States v. Randall*, 171 F.3d 195, 203 (4th Cir. 1999).

### E.     Descriptive Language and Events

10.    Most of the indictment's language is simply a narrative description of what the

government contends the evidence at trial will show, *vis-a-vis* **the plain, concise and definite statement** which the law requires.   Merely descriptive allegations in an indictment may be stricken on the defendant's motion.   *United States v. Root*, 366 F.2d 377, 381 (9th Cir. 1966), *cert. denied*, 386 U.S. 912 (1967). The problem with this indictment is that it is a narrative account, an "evidentiary indictment" with certain consequences, including foreclosure of adversarial contests over the admissibility of data.

### E.   Indictment References to the Defendant's Personal Disclosure Statements are Surplusage and Should be Stricken

11.    Count 1 of the indictment refers to the Defendant's oaths of office (¶5, ¶6) and his "duty of honest and faithful service" owed to Dallas County and its citizens as a consequence of these oaths and the state laws set forth in ¶6 (¶7; Paragraph 5 *supra*, designating the state and local laws constituting surplusage).   Counts 1 and 8 of the indictment also often refer to the Defendant's alleged incomplete financial disclosure statements:   ¶¶s 8, 9, 92.b, 323, 330, 333, 340, 345, 351, 359, 362, 369.[3] These references also serve to enlarge improperly the duration of the conspiracies alleged in

---

[3]  Part D of Count 1, denominated as "Concealment of the Corrupt Agreement", includes these financial disclosure statements in ¶92.b. Defendant has moved to dismiss Count 1 on the ground that a concealment phase may not be added to a conspiracy charge in order to enlarge its scope.

Counts 1 and 8.[4] These assertions also are objectionable because the surplusage is inflammatory and is merely evidentiary and avoids a contest over admissibility, and also because it improperly permits the prosecution the option constructively to amend the indictment.  Surplusage is any fact or circumstance in an indictment which is not a necessary ingredient of the offense charged.  See *United States v. Hughes*, 766 F.2d 875, 878 (5th Cir. 1985); *Johnson v. Biddle*, 12 F.2d 366 (C.C.A. Kan. 1926). This language does not comport with the rules of pleading a federal criminal offense. It is surplusage and not part of the "plain, concise, and definite written statement of the essential facts constituting the offense charged".

### F.    Use of Inflammatory Language

12.    In ¶¶s 53, 65, 73, 82, and 91, reference is made to "secret, concealed transactions". This language is argumentative and inflammatory. Unnecessary language in an indictment which may inflame, confuse issues, or blur the elements is prejudicial surplusage and must be stricken.  See *United States v. Vasquez*, 319 F.2d 381, 384 (3rd Cir. 1963); see also *United States v. Climatemp Inc.*, 482 F. Supp. 376 (N.D. Ill.), *affirmed* 705 F. 2d 461 (1979), cert. denied, 462 U.S. 1134. 13.

This 107- page indictment is replete with purely descriptive allegations that do not state the essential elements of the offense.  If anything, they obscure the essential

---

[4] We have submitted a motion to dismiss based in part on the use of concealment allegations to enlarge the duration of the conspiracies.

elements.[5]  It is the opposite of **the plain, concise and definite statement** which the law requires.  This is an evidentiary indictment, which precludes the defense from challenging the admissibility of anything included therein, and which the jury will have during deliberations as a roadmap to the prosecution's case.  If the surplusage is not stricken, this indictment should be dismissed as contrary to Rule 7(c)'s mandatory directive that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ."

## CONCLUSION

For the foregoing reasons, the language specified is unnecessary, **indefinite,** inflammatory, permits constructive amendment of the indictment, or is purely evidentiary in nature and improperly interdicts the adversarial process with respect to the admissibility of evidence, in derogation of the rules of procedure and evidence and compromises the defendants' right to a fair trial.   Accordingly, the designated surplusage should be stricken.  Alternatively, the indictment as a whole is contrary to the clear directives of Rule 7 (c) and therefore should be dismissed.

---

[5]  As we contend elsewhere (the Defendant's motion to dismiss on limitations grounds), this indictment's lengthy assertions conceal a fundamental defect in the initiation of this prosecution.

Respectfully submitted,

*/s/Shirley Baccus-Lobel*
Shirley Baccus-Lobel
Law Office of Shirley Baccus-Lobel
A Professional Corporation
8350 Meadow Road, Suite 186
Dallas, Texas 75231
214.220.8460
214.987.3169 (f)
SBL@LobelLaw.com

## CERTIFICATE OF CONFERENCE

The prosecutor, Walt Junker, advised that the government wishes to review the motion in order to determine its position.

/s/Shirley Baccus-Lobel
Shirley Baccus-Lobel

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2016 I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to the following individuals who have consented in writing to accept this Notice as service of this document by electronic means: AUSAs Walt Junker, Katherine Miller, and Nick Bunch, 3rd Floor, 1100 Commerce, Dallas, Texas 75242; and all other counsel of record.

/s/ Shirley Baccus-Lobel
SHIRLEY BACCUS-LOBEL