IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Cause No. 3:14-Cr-293-M |
| | § | ECF |
| JOHN WILEY PRICE (01) | § | |
| KATHY NEALY (02) | § | |
| DAPHENY FAIN (03) | § | |

MOTION TO DISMISS TAX COUNTS 8 THROUGH 11

The Defendants, through counsel, move pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B), to dismiss Count 8, and Defendant Price, also to dismiss Counts 9-11, for failure to state an offense:

**The Tax Charges**

1. Count 8 alleges that from October 2001 through June 27, 2011, the Defendant, Kathy Nealy, and Dapheny Fain[1] "did **knowingly** combine, conspire, confederate, and agree" "to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating" the Internal Revenue Service's "ascertainment, computation, assessment, and collection of revenue" for calendar tax years 2002 through 2009, in violation of 18 U.S.C. 371. Doc. 1 at 87 (emphasis added).

---

[1] The language of this count also embraces "others known and unknown to the grand jury." Doc. 1 at 87. The government has stated that in its view of the evidence KM is the only "other known" conspirator, subject to this qualification: KM, who has entered a plea of guilty, does not agree that she is a conspirator.

1 | P a g e

2. Counts 9-11 allege that for the tax years 2007, 2008, and 2009, the Defendant "did willfully make and subscribe a United States Individual Income Tax Return, Form 1040, which was verified by a written declaration that it was made under the penalties of perjury and filed with the Internal Revenue Service, which said income tax return **Price** did not believe to be true and correct as to every material matter in that **Price** falsely reported his total income [for those calendar years] "when in truth and in fact, as he then well knew and believed, he had received additional substantial income in each of the calendar years:"

| Count | Tax Year | Offense Date | Falsely Reported Income | Falsified Document |
|---|---|---|---|---|
| 9 | 2007 | Oct. 14, 2008 | $104,770 | U.S. Individual Income Tax Return |
| 10 | 2008 | Oct. 15, 2009 | $109,124 | U.S. Individual Income Tax Return |
| 11 | 2009 | Oct. 15, 2010 | $109,758 | U.S. Individual Income Tax Return |

Each in violation of 26 U.S.C. 7206(1).  Doc. 1 at 101 (emphasis in document).

**Count 8 Fails to State an Offense Because it Does Not Allege a Willful Violation**

3. A conspiracy cannot exist "without at least the degree of criminal intent necessary for the substantive offense itself." *Ingram v. United States,* 360 U.S. 672, 679 (1959). In fact, in a conspiracy there are two levels of intent: the intent to further the unlawful purpose, and the intent required for the underlying offense. *United States v. Brooks,* 681 F.3d 678, 699 (5th Cir. 2012).

4. Count 8 alleges only a "knowing" violation of 18 U.S.C. 371. This fails to state the offense of conspiracy to defraud the United States in a tax prosecution. The *mens rea* element in a criminal tax case is willfulness, as the substantive offenses allege and as the law requires. See, *e.g., Cheek v. United States,* 498 U.S. 192 (1991). The tax conspiracy's failure to allege willfulness is the failure to allege an essential element of the offense and therefore Count 8 does not state an offense and must be dismissed.

### The Substantive Tax Charges Claim that Returns Were Filed for the Subject Tax Years Even Though No Returns Were Filed For Those Tax Years

5. The indictment states that false tax returns were filed for tax years 2007, 2008, and 2009. With respect to each of those years, however, no return was filed, as the government knows. Ordinarily, a challenge of this nature would await the presentation of proof. However, Rule 12(b)(3) provides that certain motions must be brought before trial, including a defect in the indictment where the matter can be determined without a trial. Rule 12(b)(3)(B). In an abundance of caution, therefore, this motion to dismiss is submitted prior to trial. Furthermore, as a matter of fundamental fairness, it would be unreasonable to put any defendant to trial on a charge premised on a factual assertion known to be untrue. This seemingly fundamental principal of due process is particularly acute in the circumstances of this case: a conspiracy which purportedly commenced 15 years ago and is claimed to have continued for 10 ½ years; an investigation which persisted for at least a decade; and a

volume of data which – by any reasonable calculation of the facts - far exceeds the time and resources which can be devoted to review and analysis in order to prepare a defense;

6. 26 U.S.C. 7206(1) requires a valid return. **To be valid, a return must be executed by the taxpayer under penalties of perjury.** *Beard v. Commissioner,* 82 T.C. 766, 777 (1984), *aff'd per curiam,* 793 F.2d 139 (6th Cir. 1986). This is well established as a matter of tax law, and the Department of Justice and the Internal Revenue Service rely on the *Beard* rule. Again, to constitute a valid return, the form must be signed by the taxpayer under penalty of perjury. **The defense has learned from a review of the discovery that there are no such returns in this case for the subject tax years.** No returns were filed for those tax years, as the Government knows. With the introduction of the Modern Electronic Filing System, subscribing to the return and authorization to file is accomplished by the taxpayer signing and dating IRS Signature Authorization FORM 8879 and entering his PIN or by his signature authorizing the preparer to enter his PIN and delivering, emailing, or sending the FORM 8879 before the return may be filed by the preparer. The CPA never obtained a signature authorization from Mr. Price. Without the signature authorizations, no valid tax return or returns have ever been filed. There being no valid returns for those years, the accusation – that the defendant "did willfully make and subscribe a United States Individual Income Tax Return, Form 1040, which was verified by a written

declaration that it was made under the penalties of perjury and filed with the Internal Revenue Service" – cannot be sustained.

**The Allegations in Counts 9-11 - that the Defendant Made and Subscribed a Return Verified by a Written Declaration that it was Made Under Penalties of Perjury and Filed with the Internal Revenue Service – Are Inextricably Intertwined in the Conspiracy Charge [Count 8] and that Charge Depends Upon Those Invalid Charges in order to Bring the Purported Conspiracy Within Limitations**

7. The alleged submission of false and fraudulent tax returns is an integral part of Count 8, which alleges that the filing of false income tax returns by Price was a Manner and Means of the Conspiracy. Doc. 1 at 92, Part F. FALSE AND FRAUDULENT TAX RETURNS. Part F. includes the allegation that the Defendant "filed false income tax returns with the Internal Revenue Service for the calendar years 2002 through 2009 from which he omitted bribes and other taxable income that he received during those calendar years." *Id.,* ¶322.  See, also, ¶¶s 329, 335, 341, 348, 355, 361, 366, and 367.

8. Paragraphs 361, 366, and 367, respectively, correspond to the allegations of Counts 9-11 for calendar years 2007, 2008, and 2009. These allegations extend the duration of the conspiracy, ***in an effort to avert the bar of limitations***. The other allegations pertain to the Defendant's filings of returns for earlier time periods, and none of those filings is even arguably within limitations. 26 U.S.C. 6531.

**The Government Cannot Prove Elements of Its Alleged Offenses**

9. To be sufficient, an indictment must 1) enumerate each *prima facie* element of the charged offense, 2) notify the defendant of the charges filed against him, and 3) provide the defendant with a double jeopardy defense against future prosecutions. *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Prince*, 868 F.2d 1379, 1383 (5th Cir.1989), cert. denied, 493 U.S. 9 32; *United States v. Bieganowski* 313 F.3d 264, 285 (5th Cir.2002).

10. The indictment alleges, as it must, the elements of the offense, including the claim that there was a return, that it was subscribed under penalty of perjury [and is *ergo* a valid return], and that the valid return was filed. However, as the government is aware, there is no valid return for the substantive tax fraud counts or those allegations of the conspiracy count which occur within the limitations period.

11. "[*In Re*] *Winship* [397 U.S. 358 (1970)] presupposes as an essential of the due process guaranteed . . . that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof - defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of **the existence of every element of the offense**." *Jackson v. Virginia*, 443 U.S. 307, 316 (1979) (emphasis added). "This requirement 'provides concrete substance for the presumption of innocence - that bedrock 'axiomatic and elementary' principle whose 'enforcement lies at the

foundation of the administration of our criminal law.'" *United States v. Moreland,* 665 F.3d 137, 148 (5th Cir. 2011), citing *Winship,* 397 U.S. at 363, quoting *Coffin v. United States,* 156 U.S. 432, 453 (1895).

12. It would be an unreasonable imposition upon the time and resources of this Court, and would also place unreasonable demands on the limited resources available to the defense, to require a trial of issues for which the existence of a valid return is unquestionably required, when that element of the offense cannot be satisfied.

For these reasons, Counts 8-11 should be dismissed.

Respectfully submitted,

*/s/Shirley Baccus-Lobel*
Shirley Baccus-Lobel
Law Office of Shirley Baccus-Lobel
A Professional Corporation
8350 Meadow Road, Suite 186
Dallas, Texas 75231
214.220.8460
214.987.3169 (f)
sbl@LobelLaw.com

Attorney for Defendant Price

*Cheryl Brown Wattley*
Law Offices of Cheryl B. Wattley
3737 Atlanta Street
Dallas, Texas 75215
214.882.0855
Cheryl.brown.wattley@gmail.com
Attorney for Kathy Nealy

*Thomas W. Mills, Jr.*
Mills & Williams
5910 N. Central Expressway, Suite 900
Dallas, Texas 75206-5141
214.265.9265
214.363.3167 (f)
tmills@millsandwilliams.com
Attorney for Dapheny Fain

CERTIFICATE OF SERVICE

     I hereby certify that on October 31, 2016 I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to the following individuals who have consented in writing to accept this Notice as service of this document by electronic means: AUSAs Walt Junker, Katherine Miller, and Nicholas Bunch 3rd Floor, 1100 Commerce, Dallas, Texas 75242; and all other counsel of record.

*/s/ Shirley Baccus-Lobel*