IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3:14-CR-293-M |
| | § | |
| JOHN WILEY PRICE (01) | § | Barbara M. G. Lynn, Chief Judge |

# MOTION FOR DISCLOSURE OF PROSPECTIVE JUROR INFORMATION

The Defendant Price, through counsel, respectfully moves the Court to order the prosecution and under its direction, all investigative agencies involved in this prosecution or otherwise assisting with the prosecution of this Defendant, including those persons or organizations assisting the prosecution with respect to jury selection, to provide to the Defendant all information it acquires by whatever means with respect to any prospective juror, unless the information is such that it is truly equally accessible to the defense.  This motion is made in order to provide the Defendant with the effective assistance of counsel and to insure the Defendant a fair trial by an impartial jury, as guaranteed by the Sixth Amendment to the U.S. Constitution.

**Motion for Disclosure of Prospective Juror Informatioin - Page 1**

"The purpose of a jury is to guard against the exercise of arbitrary power - to make available the common sense judgment of the community as a hedge against the overzealous or mistaken prosecutor and in preference to the professional or perhaps over-conditioned or biased response of a judge." *Taylor v. Louisiana*, 419 U.S. 522, 530 (1975), citing *Duncan v. Louisiana*, 391 U.S. 145, 155-156 (1968).

Courts have long stressed the importance of voir dire questioning to obtain a fair and impartial jury. *Swain v. Alabama*, 380 U.S. 202, 218-220 (1965); *United States v. Dellinger*, 472 F.2d 340, 366-376 (7th Cir. 1972); and *see generally*, 5 Wigmore, *Evidence*, sec. 1367 (3rd ed. 1940).

Only with adequate information can peremptory challenges and challenges for cause be exercised in a meaningful fashion. The importance of these two kinds of jury challenges has long been recognized. Indeed, even though peremptory challenges may not be required by the United States Constitution, the challenge is "one of the most important of the rights secured by the accused" and "a necessary part of the trial by jury." The "right to be tried by an impartial jury" includes "the right to an examination designed to ascertain possible prejudices of the veniremen . . . ." *United States v. Lewin*, 467 F.2d 1138 (7th Cir. 1972). If ever there was any doubt, the current political fray demonstrates beyond peradventure that it is hard work indeed to address an accusation, even those with little or no merit. Conclusory accusations,

**Motion for Disclosure of Prospective Juror Informatioin - Page 2**

once made, becomes defining, and efforts to overcome them are a steep uphill climb. Selection of jurors who have the capacity to look beyond accusations is critical, and it is important that one adversary not have a decided advantage in that regard.

This Court is taking measures designed to assure a meaningful voir dire examination of prospective jurors, that is, the use of a thorough juror questionnaire. Attorney questioning also is essential in order to obtain the information necessary for the intelligent exercise of jury challenges. "However difficult it may be for the layman, the scientist, or the jurist to appreciate this, there has probably never been a moment's doubt upon this point in the mind of the lawyer of experience." 5 J. Wigmore, Evidence Section 1367 (3d ed. 1940).

Courts have recognized that jurors are often unaware of their own prejudices and preconceptions, and do not acknowledge them when asked general questions on *voir dire* such as whether there is any reason they cannot be fair and impartial. *E.g., United States v. Dennis*, 339 U.S. 162, 183 (1950) (Frankfurther, J., dissenting) ("[O]ne cannot have confident knowledge of influences that may play and prey unconsciously on judgment."); *United States v. Dellinger*, 472 F.2d 340, 367 (7th Cir. 1972) ("We do not believe that a prospective juror is so alert to his own prejudices [as to reveal prejudice in response to a general question]. Thus it is essential to explore the backgrounds and attitudes of the jurors to some extent in order to discover

actual bias, or cause."); *Kiernan v. Van Schaik*, 347 F.2d 775, 779 (3d Cir. 1965); *United States ex rel Bloeth v. Denno*, 313 F.2d 364, 374 (2d Cir. 1963); *Delaney v. United States*, 199 F.2d 107, 112-113 (1st Cir. 1952). Moreover, jurors may conceal prejudice out of a desire to avoid embarrassment, or to conform to expected responses, or even for more sinister reasons (such as animosity towards a particular defendant or a particular group). *E.g., Groppi v. Wisconsin*, 400 U.S. 505, 510 (1971).

The right to an impartial jury under the Sixth Amendment and the due process right to a fundamentally fair trial entitle any accused individual to a trial uninfluenced by jurors' preconceived notions and potentially prejudicial affiliations. This goal of jury selection is difficult to achieve where the time periods involved, and the number of persons and businesses involved, are massive. It is particularly difficult to achieve where the case is "high profile" and the attendant intensity of press coverage, extreme and at times even adversarial. See, *e.g., Sheppard v. Maxwell,* 384 U.S. 333 (1966). The Court's use of a jury questionnaire supplemented by attorney voir dire will facilitate the process of eliciting the type information which can expose prejudice and bias, concerns which are present in this case to an unusual, even exceptional degree.

A voir dire examination process which affords substantial advantage to the Defendant's accuser will seriously undermine the purpose of the jury-trial right

protected by the Sixth Amendment "to guard against the exercise of arbitrary power - to make available the common sense judgment of the community as a hedge against the overzealous or mistaken prosecutor * * * ." *Taylor v. Louisiana*, 419 U.S. 522, 530 (19755), citing *Duncan v. Louisiana,* 391 U.S. 145, 155-156 (1968). There can be little doubt, however, that the sources of information available to the prosecution with its assistance from agencies involved in the prosecution and possibly others will far exceed what is available to the defense. In some, if not many instances, the prosecution can access information which is not available to the defense at all.[1] For example, NCIC information is available to law enforcement but not the defense and there are, without doubt, other methods and sources available to the government which are not available to the defense.

## **CONCLUSION**

For these reasons, the Court should direct the prosecution to provide the defense with any information acquired with respect to prospective jurors, in order to assure the accused's right to a fair trial, his right to a fair and impartial jury, and the means to achieve the intelligent exercise of peremptory challenges and challenges for cause.

---

[1] At one time, in tax prosecutions, information available to the government was required to be shared with the defense. 26 U.S.C. 6103(h)(5). Changes to 26 U.S.C. 6103 restrict access to return information and make unauthorized disclosure unlawful.

**Motion for Disclosure of Prospective Juror Informatioin - Page 5**

Respectfully submitted,

*Shirley Baccus-Lobel*_____
Shirley Baccus-Lobel
Law Office of Shirley Baccus-Lobel
A Professional Corporation
8350 Meadow Road, Suite 186
Dallas, Texas  75231
214/220-8460
214/987-3169 Facsimile
sbl@lobellaw.com

## CERTIFICATE OF CONFERENCE

Counsel for the government is                            to this motion.

*/s/ Shirley Baccus-Lobel*
Shirley Baccus-Lobel

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2016 I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to the following individuals who have consented in writing to accept this Notice as service of this document by electronic means: AUSAs Walt Junker, Katherine Miller, and Nicholas Bunch, 3rd Floor, 1100 Commerce, Dallas, Texas 75242; and all other counsel of record.

/s/ Shirley Baccus-Lobel
SHIRLEY BACCUS-LOBEL

**Motion for Disclosure of Prospective Juror Informatioin - Page 6**