IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:14-Cr-293-M |
| | § | ECF |
| JOHN WILEY PRICE (1) | § | |
| | § | Hon. Barbara M.G. Lynn, Chief Judge |

## MOTION FOR DISCLOSURE OF GRAND JURY PROCEEDINGS AND GRAND JURY SUBPOENAS

The Defendant, through counsel, and pursuant to Rule 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure, the Fifth Amendment's requirement of indictment by grand jury, and the right to a fair trial and due process of law secured by the Fifth Amendment, moves the Court to order disclosure to the Defendant of all grand jury proceedings and grand jury subpoenas, and those documents which speak to the scope of the subpoenas, on grounds of particularized needs for the materials, as set forth below:

**The Adversary System**

The courts lack the authority to dictate limits on how the executive branch expends resources for criminal investigation and prosecution purposes. As Justice Ginsburg observed in *Greenlaw v. United States,* 554 U.S. 237, 246 (2008): "This Court has recognized that 'the Executive Branch has exclusive authority and absolute

1 | P a g e

discretion to decide whether to prosecute a case.' *United States v. Nixon,* 418 U.S. 683, 693 . . . (1974)." Conversely, however, the courts have not only the authority but also the responsibility to ameliorate an exercise of executive authority which jeopardizes the rights of an accused individual.

Ours is an adversarial system. As Justice Ginsburg also said in *Greenlaw,* 554 U.S. at 243-244 (2008)*,* relying in significant measure on Justice Scalia's statements about the adversary system:

> In our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation. That is, we rely on the parties to frame the issue for decision and assign to courts the role of neutral arbiter of matters the parties present. To the extent courts have approved departures from the party presentation principle in criminal cases, the justification has usually been to protect a *pro se* litigant's rights. See *Castro v. United States,* 540 U.S. 375, 381-383 . . . (2003). [footnote omitted] But as a general rule, "[o]ur adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief." *Id.,* at 386. . . (SCALIA, J., concurring in part and concurring in judgment). [footnote 3 (set forth below)] As cogently explained: "[Courts] do not, or should not, sally forth each day looking for wrongs to right. We wait for cases to come to us, and when they do we normally decide only questions presented by the parties. Counsel almost always know a great deal more about their cases than we do, and this must be **particularly true of counsel for the United States, the richest, most powerful, and best represented litigant to appear before us**."[emphasis added] *United States v. Samuels,* 808 F.2d 1298, 1301 (C.A.8 1987) (R.Arnold, J., concurring in denial of reh'g en banc).

The system "is hardly an end in itself; it is not yet a poker game . . .." *Wardius v. Oregon,* 412 U.S. 470, 474 (1973), citing *Williams v. Florida,* 399 U.S. 78 (1970). To be fair, that system must afford ***a level playing field***.  While this may be more a goal than a reality of the criminal prosecution system, achieving that balance is fundamental to the Fifth Amendment's guarantee of due process of law. *Wardius,* 412 U.S. at 474.

**<u>Adversarial Imbalance</u>**

As the record in this case amply demonstrates, the volume of material with which the defense must grapple is staggering.  See, *e.g.,* Docs. 183, 258, 262, and 269.  There are over 7 terabytes of data on Summation and an additional 3.5 terabytes of material which is primarily video footage. Doc. 269. A single terabyte is the equivalent of 85,000,000 pages of a Word document.  Doc. 183 at 3, n. 1.  This ***is over ½ billion pages.***

The accumulation of an avalanche of data can wholly undermine the adversary system because there is simply no way for the defense to get through the volume of material, even superficially, and despite due diligence.  Given the volume of data and all attendant circumstances, it simply cannot be done within the time frame allotted. The adversary system must never be a pretense. But it is here.

And that imbalance creates an unfair prosecution advantage which, in the unusual and extraordinary circumstances presented by this case, undermines the adversarial balance which is essential to due process of law and a fair trial.

The methods followed in this case and its fruits have resulted in an this unacceptable adversarial imbalance: remote accusations of *conspiracy* in an effort to pretermit limitations and legitimize extraordinary time periods; and a volume of material which is the legal and moral equivalent of an avalanche; and the unparalleled use of grand juries.  Every reasonable and available means which could facilitate dealing with this situation should be afforded.

**The Grand Jury Proceeding**

It is reasonable to assume that many persons have testified during the course of the grand jury proceedings which commenced a number of years ago,[1]. As the record reflects, there were nearly 1,000 grand jury productions as of the time of this indictment in July 2014, and there may have been others since that time.

This Court has the authority to make the grand jury proceedings available to the defense in connection with this proceeding and should exercise that authority in the interest of a more level playing field. Rule 6(e)(3)(E)(i), F.R.Crim.P.  And see,

---

[1] We do not know precisely when the grand jury investigation commenced. We do not know whether the government has continued to obtain material by grand jury subpoena post-indictment.  There have been document productions which suggest a post-indictment acquisition of material, but we cannot say that the material was acquired by grand jury subpoena.

*e.g., Dennis v. United States,* 384 U.S. 855, 870 (1966); *United States v. Evans & Associates Const. Co., Inc.,* 839 F.2d 656 (1988).

Rule 6(e)(3)(E)(i) provides:

(E) The court may authorize disclosure – at a time, in a manner, and subject to any other conditions that it directs – of a grand jury matter: (i) Preliminarily to or in connection with a judicial proceeding;

The court also may order disclosure at the request of a defendant "who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury[.]" Rule 6(e)(3)(E)(ii).

This request is not made for the purpose of general discovery. To the contrary, it is made due to genuine needs in this proceeding which exist largely *due to* the staggering volume of material provided in discovery. Moreover, the many events mentioned in the indictment occurred a very long time ago and grand jury testimony about those events will be more "fresh." The complexity of the charges augers in favor of disclosure as well. These circumstances demonstrate that the need for disclosure outweighs the need for continued secrecy. *Evans & Associates Constr. Co.,* 839 F.2d at 658-59. Moreover, disclosure would involve no interference with an ongoing grand jury investigation.

There also is a particularized need for disclosure of the actual grand jury subpoenas which were issued in this case. Without knowledge of the scope of those

subpoenas, as well as any limitations placed on them, the Defendant's ability to investigate is hindered.  For example, if there were a defense investigative interest in company P [an initial which is not in the indictment] and P did business for a period of time with an alleged co-conspirator of the Defendant, and P produced records, and/or its representative(s) appeared before the grand jury, it would be important to know not only what P's representatives had to say that was grand jury investigation-worthy, but also what materials were sought by the subpoena and the time period covered, as well as any limitations placed on the subpoena (as frequently occurs).

Disclosure is warranted by the passage of time with respect to much of what is asserted in the indictment, the legal and factual complexity of these charges, and the volume of material together with the daunting task of focus (defense focus, not prosecution focus).

For these reasons, it is respectfully submitted that the Defendants' motion for disclosure of the grand jury proceedings, the grand jury subpoenas and any limitations upon those subpoenas, should be granted.

Respectfully submitted,

| | |
|---|---|
| *Shirley Baccus-Lobel* | */s*Chris Monroe Knox |
| Law Office of Shirley Baccus-Lobel, PC | Chris Monroe Knox |
| 8350 Meadow Road, Suite 186 | Law Office of Chris Knox |
| Dallas, Texas 75231 | 900 Jackson St., Suite 600 |
| 214.220.8460 | Dallas, Texas 75202 |
| 214.987.3169 (f) | 214.741.7474 |

CERTIFICATE OF CONFERENCE

AUSA Junker has advised that the government will review the motion before stating a position.

/s/ Shirley Baccus-Lobel
Shirley Baccus-Lobel


CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically submitted to the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to the following individuals who have consented in writing to accept this Notice as service of this document by electronic means: AUSA's Walt Junker, Katherine Miller, and Nick Bunch 3rd Floor, 1100 Commerce, Dallas, Texas 75242, and all counsel of record.

/s/ Shirley Baccus-Lobel
Shirley Baccus-Lobel