IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Cause No. 3:14-CR-293-M |
| | § | ECF |
| JOHN WILEY PRICE (01) | § | |

## MOTION TO DISMISS ON LIMITATIONS GROUNDS

The Defendant PRICE, through counsel, moves to dismiss Count 1 because prosecution for that offense is barred by law, as an examination of the face of the indictment demonstrates, and in support of this motion the Defendant submits for the Court's consideration the following:

The Applicable Rule of Law

1. 18 U.S.C. 3282 provides: "Except as otherwise expressly provided by law, no person shall be **prosecuted, tried**, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." (emphasis added)

2. Statutes of limitations advance important societal and individual interests, not the least of which is the law and society's recognition that individuals evolve beyond and overcome transgressions over time and that visiting severe consequence for distant events is rarely beneficial to the body politic or the

individual[1]:

> The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time, and to minimize the danger of official punishment because of acts in the far-distant past. Such a time limit may also have the salutary effect of encouraging law enforcement officials promptly to investigate suspected criminal activity.

*Toussie v. United States,* 397 U.S. 112, 114-115 (1970). Statutes which embody these protections are " 'to be liberally interpreted in favor of repose.' " *Id.* at 115, citing *United States v. Scharton,* 285 U.S. 518, 522 (1932).

The Indictment

3.   The length of this 107-page indictment obscures its limitations defect. It is nevertheless decipherable.

4.   Count 1 purports to charge a 10 ½ - year conspiracy and designates County of Dallas projects, all of which save one are alleged to have occurred and completed more than five (5) years prior to the return of this indictment on July

---

[1] Prudent exceptions exist. For example, in most jurisdictions, murder is not subject to this rule of law, and crimes against children are often subject to rules of limitation which take account of their vulnerable status at the time of the offense.

23, 2014, that is, by **July 22, 2009**.

5.      Doc. 1 at page 18, in a section entitled "C. Price's Favorable Official Actions", specifies the following businesses and projects as the so-called "opportunities" which arose from time to time for which Ms. Nealy is alleged to have conferred benefits on the Defendant:

> **RFP 2002-011-1007, Businesses S and A** [¶¶s 42-47], County IT Outsourcing, issued October 2001; Company S pursued contracts with the County 2001-2004; [¶¶s 48-53]; Company A assumes contract June 2004, and A's contract ends in October 2007 [¶¶s49     and    ].
>
> **RFP 2004-064-1485, Business B** [DCRIIS RFP], [¶¶s54, 55] Digitalize County Clerk's Office records, issued March 2004; Contract awarded to Company B; indictment alleges 2004-2009 but last overt act date is November 2007 [¶¶ 64.f, 256], and B's retention of Defendant Nealy concludes in 2008 [¶62].
>
> **RFQ 2007-071-2776, Businesses V and U** [¶ 69.a], IT Help Desk Provider, issued March 2007; Business V partnered as a subcontractor with Business U; contract awarded to another company. The only dates and events alleged with respect this RFQ are its issuance in March 2007 and the September 2007 award of the 3-year contract to another contractor.
>
> **RFQ 2007-117-3023, Businesses V, U and C** [¶69.b], County's Desktop Technical Support, issued July 2007; Business V had partnered as subcontractor with Business U, but Company C is awarded contract; the last alleged overt act is the Defendant's vote against authorizing the County Judge to sign the contract with Company C, November 27, 2007 [¶263].
>
> **Foreign Trade Zone/Inland Port, Business H** [¶¶s83-91, 210]. Last alleged date March 2008 [¶89].

>**RFQ 2007-082-2822, Business U and V** [¶69.c], Inmate Phone System, issued April 2007, to service Dallas County jail facilities; contract awarded to Company U in **June 2008** [¶¶s 69.c, 274].

Over two (2) years later, the following RFP issued:

>**RFP 2010-090-5232, Business Q** [¶ 75]. Desktop Technical Support Services issued August 2010, to provide technical expertise to support 5,500 Dallas County computer users. **This is the only transaction/"opportunity" within limitations according to the indictment's assertions.** Contract is awarded to Company Q in February 2011. Business Q had competed with Company C, whom Ms. Nealy represented, but C did not advance. Business Q then engaged Ms. Nealy.

In addition to the foregoing, the indictment mentions more briefly these other transactions, none of which are within limitations:

>**IT Services Master Agreement and Fourteen Service Level Agreements, Business S** [¶46.c]. May 2002, the Defendant voted to approve this agreement with Business S. This is the only allegation with respect to this project.
>
>**Parkland Hospital, Business S** [¶125]. On April 29, 2003, Ms. Nealy contract with Business S with respect to outsourcing vendors for Parkland Hospital. Contract term: April 1 through December 31, 2003. This is the only reference to Parkland Hospital.
>
>**Oracle Upgrade Assessment, Business S and A** [¶¶s46.e, 137, 146; ¶¶s51, 187]. The last allegation with respect to the Oracle upgrade is February 1, 2005, a reference to Ms. Nealy's billing to Business A for Dallas County projects, including the Oracle upgrade.
>
>**RFP 2005-015-1591, Business B** [¶¶s 64.d, 65.e, 186, 189]. Countywide Receipting System. There are 1 ½ years between Overt Act 186 (3.9.05) and Overt Act 189. The last possible official act

      allegation with respect to the Countywide Receipting System is September 18, 2007.

## That Conspiracy is a Continuing Offense Does Not Cure the Limitations Defect Here

6.     Courts are reluctant to find that an offense is a continuing one, because such a finding extends the statute of limitations. *United States v. Ongaga,* 820 F.3d 152, 160 (5th Cir. 2016), citing *Toussie*. See, also, *United States v. Tavarez-Levario,* 788 F.3d 433, 437 (5th Cir. 2015).

7.     To be sure, conspiracy is the "prototypical continuing offense." *Id.* at 439. However, that does not mean that the prosecution has only to charge a time period and that period is *ipso facto* the duration of the conspiracy. Here, no speculation is required. The indictment's specific assertions reveal the actual term of the purported conspiracy, and those assertions trump the general allegation about the conspiracy's term.

8.     Moreover, principles which inhere in the legal concept of a continuing offense limit its duration. A continuing offense includes " 'a continuous, unlawful act or series of acts set on foot by a single impulse and operated by ***an unintermittent*** force, however long a time it may occupy." *Tavarez-Levario,* 788 F.3d at 436 (citing *United States v. Brazell,* 489 F.3d 666, 668 (5th Cir. 2007), quoting *United States v. Midstate Horticultural Co.,* 306 U.S. 161, 166 (1939)).

Unintermittent = not intermittent. Intermittent = Google: "occurring at irregular

intervals; not continuous or steady"; dictionary.com: "stopping or ceasing for a time; alternatively ceasing and beginning again"; Merriam-Webster Learner's Dictionary: "starting, stopping, and starting again; not constant or steady"; Oxford Dictionaries: occurring at irregular intervals; not continuous or steady"; Cambridge English Dictionary: "not happening regularly or continuously."

9. It is of interest that long-term benefits reaped from commission of a crime do not mean the offense is a continuing one: "the fact that a particular defendant's conduct provided long-term benefits to that defendant does not mean that his offense is a continuing one." 788 F.3d at 440, citing with approval *United States v. Dunne,* 324 F.3d 1158, 1165 (10th Cir. 2003), and also "*United States v. Hare,* 618 F.2d 1085-86 (4th Cir. 1980) (rejecting the argument that improper receipt of anything of value for performance of an official act was a continuing offense where the defendant received a loan that provided benefits over a prolonged period)."

10. And as the Fifth Circuit observed regarding the duration of a conspiracy, the authorities do not suggest that "the absence of an overt withdrawal extends the length of the conspiracy itself." *United States v. Freeman,* 434 F.3d 369, at n. 15 (2005).

11. More to the point, a conspiracy charge may not be used to dodge limitations. As the Court stated in *Bridges v. United States,* 346 U.S. 209, 223 (1953): "A

charge of conspiracy to commit a substantive offense is not entitled to a longer statute of limitation than the charge of committing the offense itself. There is no additional time prescribed for indictments for conspiracies as such. The insertion of surplus words in the indictment does not change the nature of the offense charged."

12. The alleged conspiracy did not simply wane. To the contrary, a close examination of the allegations of the indictment reveals that the last purported official alleged before January 2011 is June 17, 2008. This length of time is too substantial to sustain an allegation of an ongoing conspiracy. The conspiracy, on its face, stopped at or about the time of the purported official act on June 17, 2008.

For the reasons stated, this conspiracy is barred by limitations. Accordingly, Count 1 must be dismissed.

Respectfully submitted,

/s/Shirley Baccus-Lobel
Shirley Baccus-Lobel
Law Office of Shirley Baccus-Lobel
A Professional Corporation
8350 Meadow Road, Suite 186
Dallas, Texas 75231
214.220.8460
214.987.3169 (f)
SBL@LobelLaw.com
Attorney for Defendant Price

## CERTIFICATE OF SERVICE

      I hereby certify that on October 31, 2016 I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to the following individuals who have consented in writing to accept this Notice as service of this document by electronic means: Walt Junker, Katherine Miller, Nick Bunch, and all counsel of record.