IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Cause No. 3:14-Cr-293-M |
| | § | ECF |
| JOHN WILEY PRICE (01) | § | |

MOTION TO DISMISS COUNTS 1-8 FOR IMPROPER USE OF
CONCEALMENT ALLEGATIONS TO EXTEND IMPROPERLY
THE DURATION OF THE ALLEGED CONSPIRACY

Defendant Price, through counsel, respectfully moves, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B), for dismissal of Counts 1-7 because those charges improperly allege a concealment phase in order to enlarge the alleged conspiracy's duration; and the Defendant also moves to dismiss Count 8, because that conspiracy charge includes concealment allegations which improperly enlarge the conspiracy's duration. In support of this motion, the Defendant submits the following for the Court's consideration:

**Introduction**

1. Count 1 alleges a conspiracy to violate 18 U.S.C. 666, which the Fifth Circuit has called "the federal bribery statute." *E.g., United States v. Richard,* 775 F.3d 287 (5th Cir. 2014). Count 1 includes the following as part of the <u>Manner and Means of the Conspiracy</u>:

   A. CORRUPT PAYMENTS AND BENEFITS TO PRICE (Doc. 1 at 14; ¶¶s33-38);

   B. BENEFITS TO OTHER PERSONS CORRUPTLY SOLICITED AND DEMANDED BY PRICE (Doc. 1 at 18; ¶39);

   C. PRICE'S FAVORABLE OFFICIAL ACTIONS (Doc. 1 at 18; ¶¶s 40-49); and

   D. CONCEALMENT OF THE CORRUPT AGREEMENT (Doc. 1 at 50; ¶92).

2. Counts 2-7 incorporate by reference these paragraphs, including Part D, ¶92 (¶302). The concealment phase in Part D. includes the Defendant's "Personal Financial Statements" filed with Dallas County "2001 through 2008 and 2010 that intentionally omitted the illegal payments, vehicles, and land purchases." (Doc. 1, ¶92.b).

3. Count 8 alleges a conspiracy from October 2001 to January 27, 2011 to defraud the United States "for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service . . . in the ascertainment, computation, assessment, and collection of the revenue: to wit, income taxes for the calendar years 2002 through 2009." Doc. 1 at 87. It also incorporates the Personal Financial Statements as Overt Acts of the Conspiracy.

**Applicable Law**

4. In a series of cases over the years, courts have recognized that an alleged conspiracy's duration can be manipulated in order to gain certain advantages (admissibility of evidence, for example) or avert legal constraints (statutes of limitations, for example). One method for achieving such a result is the addition of a concealment phase or purported concealment allegations to the indictment, which is what has occurred here.

5. In *Krulewitch v. United States,* 336 U.S. 440 (1949), the Court rejected the Government's position that there existed a subsidiary phase of the conspiracy calculated to conceal the crime, noting the "far reaching results" of any such rule. *Id.* at 444. The concealment phase was offered as a rationale for admission of co-conspirator declarations. The *Krulewitch* decision is perhaps most notable for Mr. Justice Jackson's famed concurrence (joined by Justices Frankfurter and Murphy) which, we respectfully suggest, is even more apt today (*id.* at 445-458):

> This case illustrates a present drift in the federal law of conspiracy which warrants further comment because it is characteristic of the long evolution of that elastic, sprawling and pervasive offense. Its history exemplifies the "tendency of a principle to expand itself to the limit of its logic." The unavailing protest of courts against the growing habit to indict for conspiracy in lieu of prosecuting for the substantive offense itself, or in addition thereto, suggests that loose practice as to this offense constitutes a serious threat to fairness in our administration of justice.

> The modern crime of conspiracy is so vague that it almost defies definition. Despite certain elementary and essential elements, it also, chameleon-like, takes on a special coloration from each of the many independent offenses on which it may be overlaid. It is always "predominantly" mental in composition because it consists primarily of a meeting of minds and an intent.  * * * * * *
>
> [E]ven when appropriately invoked, the looseness and pliability of the doctrine present inherent dangers which should be in the background of judicial thought whenever it is sought to extend the doctrine to meet the exigencies of a particular case.  * * * * * * *
>
> A recent tendency has appeared in this Court to expand this elastic offense and to facilitate its proof.  * * * * * *
>
> Of course, it is for prosecutors, rather than courts, to determine when to use a scatter-gun to bring down the defendant, but there are procedural advantages from using it which add to the danger of unguarded extension of the concept.

As the concurring justices concluded, the expansion of the duration of a conspiracy through the vehicle of an implicit agreement to conceal the wrongdoing was "an ominous expansion of the accepted law of conspiracy." *Id.* at 454-55. "It is difficult to see any logical limit to the 'implied conspiracy,' either as to duration or means, nor does it appear that one could overcome the implication by express and credible evidence that no such understanding existed, nor any way in which an accused against whom the presumption is once raised can terminate the implied agency of his associates to incriminate him." *Id.* at 456. See also, *Lutwak v. United States,* 344 U.S. 604 (1953).

6. As the Court stated in *Bridges v. United States,* 346 U.S. 209, 223 (1953): "A charge of conspiracy to commit a substantive offense is not entitled to a longer statute of limitation than the charge of committing the offense itself. There is no additional time prescribed for indictments for conspiracies as such. The insertion of surplus words in the indictment does not change the nature of the offense charged."[1]

7. In *Grunewald v. United States,* 353 U.S. 391 (1957), the Court was even more emphatic regarding the use of a concealment phase to enlarge a conspiracy's duration. **There, the indictment charged a conspiracy to obstruct the United States in the exercise of its governmental functions of administering internal revenue laws** and "detecting and prosecuting violations of the internal revenue laws free from bribery, unlawful impairment, obstruction, improper influence, dishonesty, fraud and corruption" (at 394). The indictment in *Grunewald* also charged "that a part of the conspiracy was an agreement to conceal the acts of the conspirators." *Id.* The Court first noted that under *Krulewitch* and *Lutwak* "a subsidiary conspiracy to conceal may not be implied from circumstantial evidence showing merely that the conspiracy was kept a secret, and that the conspirators took care to cover up their crime in order to escape detection and punishment." *Id.* at 401-402.

---

[1] As we have pointed out in our motion to strike surplusage, ***surplus words*** constitute much of what is included in this evidentiary indictment and, as such, serve not only to extend improperly the duration of the conspiracy but also provide the prosecution with other advantages, such as a "leg up" on admissibility issues.

> [A]llowing such a conspiracy to conceal to be inferred or implied from mere overt acts of concealment would result in a great widening of the scope of conspiracy prosecutions, since it would extend the life of a conspiracy indefinitely. Acts of covering up, even though done in the context of a mutually understood need for secrecy, cannot themselves constitute proof that concealment of the crime after its commission was part of the initial agreement among the conspirators. For every conspiracy is, by its very nature, secret; a case can hardly be supposed where men concert together for crime and advertise their purpose to the world. And again, every conspiracy will inevitably be followed by actions taken to cover the conspirators' traces. **Sanctioning the Government's theory would, for all practical purposes, wipe out the statute of limitations in conspiracy cases . . . ..**

*Id.* at 402 (emphasis added; footnotes omitted). The Court noted that the case involved the same circumstances as were present in *Krulewitch*: "(1) a criminal conspiracy which is carried out in secrecy; (2) a continuation of the secrecy after the accomplishment of the crime; and (3) desperate attempts to cover up after the crime begins to come to light[.]" *Id.* at 403.

> The Court went on to deliver this warning:
>
> Prior cases in this Court have repeatedly warned that we will view with disfavor attempts to broaden the already pervasive and wide-sweeping nets of conspiracy prosecutions. . . . As this case was tried, we have before us a typical example of a situation where the Government faced by the bar of the three-year statute, is attempting to open the very floodgates against which *Krulewitch* warned.

*Id.* at 404-405. [footnotes omitted]

8. Similarly, in *Ingram v. United States,* 360 U.S. 672 (1959), the Court held that a

tax motive could not be inferred from acts of concealment of the gambling operation, noting that concealment is common to all crimes. See, also, *United States v. Pritchett,* 908 F.2d 816 (11th Cir. 1990). Following the reasoning of *Ingram,* the Court found that a motivation to evade taxes could not be inferred from the defendants' participation in concealing assets of one engaged in the distribution of cocaine.

9. Counts 1-8 in this indictment rely upon concealment allegations in order to charge offenses within limitations. However, these assertions serve to enlarge improperly the duration of the conspiracies and the scheme to defraud and Counts 1-8 should therefore be dismissed.

## CONCLUSION

For the reasons stated, counts one through eight of the indictment should be dismissed.

Respectfully submitted,

*/s/Shirley Baccus-Lobel*
Shirley Baccus-Lobel
Law Office of Shirley Baccus-Lobel
A Professional Corporation
8350 Meadow Road, Suite 186
Dallas, Texas 75231
214.220.8460
214.987.3169 (f)
sbl@LobelLaw.com

CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2016 I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to the following individuals who have consented in writing to accept this Notice as service of this document by electronic means: AUSAs Walt Junker, Katherine Miller, and Nicholas Bunch 3rd Floor, 1100 Commerce, Dallas, Texas 75242; and all other counsel of record.

*/s/ Shirley Baccus-Lobel*
Shirley Baccus-Lobel