IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Cause No. 3:14-CR-293-M |
| | § | ECF |
| JOHN WILEY PRICE III (01) | § | |

**DEFENDANT'S MOTION TO SUPPRESS EVIDENCE SEIZED PURSUANT TO SEARCH WARRANTS, AND ALL FRUITS OF THOSE SEIZURES, AND FOR AN EVIDENTIARY HEARING**
(and Brief in Support)

Defendant PRICE, through counsel, and pursuant to Rule 12(b)(3)(C) and Rule 41(h) of the Federal Rules of Criminal Procedure, and the Fourth Amendment to the United States Constitution, moves to suppress all data seized from the Defendant's home, office, and business premises, including all data storage devices, and their contents, including all extracted data from Dallas County servers, documents, tangible items of any kind, and any other items, and any fruits of these searches and seizures, including statements, and in support of this Motion to Suppress would show the Court the following:

**THE SEARCH WARRANTS FOR DEFENDANT PRICE'S RESIDENCE, PRIVATE OFFICE, AND BUSINESS PREMISES**

1.     On June 24, 2011, an application for numerous search warrants was submitted to the United States Magistrate Judge. Each of those warrants issued and was

executed on June 27, 2011.  See Docs. 148-155.  These included warrants for the Defendant's person and for the following:

- County Commissioner Price's Office and the Work Areas of His Staff
  411 Elm Street, Dallas, Texas
  [Doc. 149: Affidavit at 10; Warrant at 84; Property/Items to Be Seized at 86-90; Search Warrant Return of Items Seized at 102-109]

- The Defendant's Residence, 510 E. 5th, Dallas, Texas
  [Doc. 150; Affidavit at 4; Warrant at 85; Property/Items to Be Seized at 6-10; Search Warrant Return of Items Seized at 103-109]

- Dallas County's Computer Server Facility and Equipment
  Records Building, 509 Main Street, 5th Floor, Dallas, Texas
  [Doc. 155; Affidavit at 8; Warrant at 82; Property/Items to Be Seized at 84-86; Search Warrant Return of Items Seized at 96-97].

2.  The breadth of these warrants can be determined from the description of the items and property to be seized, and the breadth of the seizures themselves can be determined from several sources, including Discovery Production 8, the digital devices seized from the Defendants (and certain others) in this case.  As the record otherwise reflects, the volume of data in Production 8 is approximately 2.3 terabytes. In addition to a large quantity of other items, many digital data storage devices were seized from the Defendant's office and residence and person, including cell phones, computers, drives, discs, CDs, DVDs, and other digital items.  These items were subject to seizure and search of their contents without regard to the particularity requirement of the 4th Amendment.

**APPLICABLE LEGAL PRINCIPLES**

3.   The Fourth Amendment to the Constitution of the United States provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Evidence obtained in violation of the constitutional prohibitions ordinarily must be suppressed, and evidence derived therefrom must also be suppressed. *Wong Sun v United States*, 371 U.S. 471 (1963).

4.   " '[T]he right of a man to retreat into his own home and there be free from unreasonable governmental intrusion' " stands " '[a]t the very core' of the Fourth Amendment," *Kyllo v. United States,* 533 U.S. 27, 31 (2001) (quoting *Silverman v. United States,* 365 U.S. 505, 511 (1961)).

**The Law Applicable to General Searches**

5.   Each of the warrants at issue here constituted a "general warrant" forbidden by the Fourth Amendment. General searches like the one conducted here have long been recognized to violate the Fourth Amendment, *see Marron v. United States*, 275 U.S. 192, 195 (1927), and the Founder's desire to prevent the wholesale search of an accused's business or home has been chronicled in scores of judicial decisions. *See, e.g., Maryland v. Garrison*, 480 U.S. 79, 84 (1987); *Stanford v. Texas*, 379 U.S. 476,

Motion to Suppress - 3

480-485 (1965). Thus, the authorities may not conduct exploratory searches and sift through a person's possessions and records in the hope of finding some evidence of a crime. *See Garrison*, 480 U.S. at 84; *Andresen v. Maryland*, 427 U.S. 463, 480 (1976); *United States v. Kimbrough*, 69 F.3d 723, 727 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 1547 (1996). In order to deter such general, exploratory searches, their fruits will be suppressed, no matter how probative the evidence found may prove. *See Oregon v. Elstad*, 470 U.S. 298, 306 (1985); *Dunaway v. New York*, 442 U.S. 200, 216-17 (1979).

General searches and wholesale seizures are particularly offensive to the Fourth Amendment, which seeks to protect individual privacy interests against unreasonable intrusions by the government. *See, e.g., McDonald v. United States*, 335 U.S. 451, 453 (1948). In judging the reasonableness of a search its sheer magnitude forms an important backdrop. In *Kremen v. United States*, 353 U.S. 346, 347 (1957), for example, the Supreme Court reversed the search of a cabin incident to a valid arrest, emphasizing that "[t]he seizure of the entire contents of the house and its removal some two hundred miles away to the F.B.I. offices for the purpose of examination are beyond the sanction of any of our cases." The fact that every transaction and record at the defendant's home and his businesses was searched and seized by the authorities informs the issue.

Motion to Suppress - 4

Wholesale rummaging through private records in search of a crime is offensive to the Fourth Amendment, even where a warrant is obtained. *See Andresen*, 427 U.S. at 480; *Go-Bart Importing Co. v. United States*, 282 U.S. 344, 358 (1931) and *see, e.g., Creamer v. Porter*, 754 F.2d 1311, 1319 (5th Cir. 1985) (by rummaging through suspect's store beyond the scope of a warrant, officers showed no regard for protected privacy interests). No difference of constitutional import exists when the wholesale rummaging occurs, not because the search exceeds the scope of the warrant, but because the breadth of the warrant is such that it authorizes a general search and wholesale seizure forbidden by the Fourth Amendment.

In *Creamer*, the Fifth Circuit affirmed the judgments against the defendants,[1] rejecting the officers' argument that they should have been granted summary judgment based on qualified immunity principles. *Creamer*, 754 F.2d at 1319. The Court left no doubt that a roving search was clearly prohibited by the Fourth Amendment, noting:

> Few cases have dealt with searches that exceed the permissible scope of a warrant where items are unambiguously identified because the Fourth Amendment clearly proscribes such excesses.
>
> A general, exploratory search through personal belongings

---

[1] The Court also reversed the district court's grant of summary judgment in favor of one of the deputies as clearly erroneous, 754 F.2d at 1316, and affirmed the award of punitive damages against one officer, *id.* at 1319-20.

Motion to Suppress - 5

> is the precise evil sought to be eliminated by the Fourth Amendment's requirement that things to be seized and places to be searched be described with particularity.

*Id.* at 1318. The Court concluded that no reasonable police officer could have believed that the law permitted the extended search of Creamer's store:

> A search warrant describing particular items to be seized cannot be used as an admission ticket to a general search of the premises . . . [W]e cannot accept under an objective test that any police officer's reasonable understanding of the law would be that any item located anywhere on the premises was fair game, or that a search could continue once items described in the warrant had been seized.

*Id.* at 1319.

The particularity requirement stands at the core of the 4th Amendment's protections. *E.g., Marron v. United States,* 275 U.S. 192; *Williams v. Kunze,* 806 F.2d 594, 598 (5th Cir. 1986). What instead happened here is that all digital items were seized and were searched. It is not possible for searches and seizures of this nature to meet the particularity requirement of the 4th Amendment, for the obvious reason that they are by their very nature general searches narrowed by no particulars. His communications were likewise indiscriminately seized.

**Standing**

Defendant had (1) an actual, subjective expectation of privacy regarding the places to be searched and (2) this expectation of privacy is one which society would

Motion to Suppress - 6

recognize. *United States v. Kye Soo Lee,* 898 F.2d 1034, 1037-38 (5th Cir. 1990). "One who owns or lawfully possesses or controls property will in all likelihood have a legitimate expectation of privacy by virtue of his right to exclude" *Rakas v. Illinois,* 439 U.S. 128 (1978). The Defendant had a reasonable expectation of privacy with respect to his home, his office, and his phone and electronic mail communications.

**Conclusion**

For the reasons stated, the Defendant's motion to suppress should be granted or, alternatively, a hearing should be conducted for the purpose of fully determining the legality of the searches and seizures which occurred.

Respectfully submitted,

| | |
|---|---|
| */s/Shirley Baccus-Lobel* | */s/Chris Monroe Knox* |
| SHIRLEY BACCUS-LOBEL | Chris Monroe Knox |
| Law Office of Shirley Baccus-Lobel | Law Office of Chris Knox |
| A Professional Corporation | 900 Jackson, Suite 600 |
| 8350 Meadow Road, Suite 186 | Dallas, Texas 75202 |
| Dallas, Texas 75231 | 214.741.7474 |
| 214.220.8460 | 214.747.7711 (f) |
| 214.987.3169 (f) | chrisknox@knoxcriminaldefense.com |
| SBL@LobelLaw.com | |

CERTIFICATE OF SERVICE

      I hereby certify that on October 31, 2016 I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to the following individuals who have consented in writing to accept this Notice as service of this document by electronic means: AUSA's Walt, Katherine Miller, and Nick Bunch 3rd Floor, 1100 Commerce, Dallas, Texas 75242, and all counsel of record.

      /s/ Shirley Baccus-Lobel
      SHIRLEY BACCUS-LOBEL