IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN WILEY PRICE (01)<br>KATHY LOUISE NEALY (02)<br>DAPHNEY FAIN(03) | Case No. 3:14-CR-293-M |

**GOVERNMENT'S RESPONSE TO MOTION TO STRIKE SURPLUSAGE IN THE INDICTMENT OR, ALTERNATIVELY, TO DISMISS THE INDICTMENT**

The Court can deny without a hearing John Wiley Price's Motion to Strike Surplusage in the Indictment or, Alternatively, to Dismiss the Indictment. (Dkt. 318.) Commissioner Price has failed to show that the challenged language is irrelevant, inflammatory, and prejudicial. Moreover, while Price contends that the "evidentiary" indictment forecloses challenges to the admissibility of evidence, the government is certain that the Court will instruct the jury that the indictment is not evidence and will ensure that the government's evidence meets the requirements of the Federal Rules of Evidence. Thus, his motion is unmeritorious, and the indictment should stand as-is.

**1.    Price ignores the high standard for striking language in an indictment.**

Price fails to mention the high bar the Fifth Circuit has set for striking alleged surplusage from an indictment. To strike surplusage, the language in the indictment must be "irrelevant, inflammatory, and prejudicial." *United States v. Graves*, 5 F.3d 1546, 1550 (5th Cir. 1993); *United States v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971). The

standard is "exacting," and the Fifth Circuit has recognized that courts "rarely" grant the motion.  *Bullock*, 451 F.2d at 888.

The threshold question is whether the statements in the indictment are "sufficiently relevant" to the charged offense.  If they are, then the court should not strike them—no matter how prejudicial they may be.  *United States v. Solomon*, 273 F.3d 1108, 2001 WL 1131955, at *1 (5th Cir. Sept. 21, 2001) (affirming the district court's refusal to strike a reference to the defendant's failure to disclose a prior conviction in investment offering documents); *United States v. Markham*, 2013 WL 705113, at *5-6 (N.D. Tex. Feb. 27, 2013) (Fitzwater, C.J.).  Only if the Court determines that the contested language is irrelevant should the Court examine whether the language is so prejudicial or inflammatory that it must be struck.  *Id.* (citing *United States v. Vogel*, 2010 WL 2465359, at *1 (E.D. Tex. May 21, 2010); *United States v. Alexander*, 2008 WL 2130185, at *2 (W.D. La. May 18, 2008).  The mere fact that information in an indictment does not constitute an element of the charged offense does not require that it be removed.  *Alexander*, 2008 WL 2130185 at *2.  Given this high bar for striking information in an indictment, Price's motion easily fails.

    **2.**    **Price provides no legitimate reason for striking the language in the indictment, and strong reasons support preserving that language.**

Commissioner Price asks the Court to strike various categories of language in the indictment or, without citing a single case in support, to dismiss the indictment entirely. (Dkt. 318.)  His arguments fail for several reasons.

As to each of the categories, Commissioner Price's primary complaint is that the

alleged surplusage "foreclose[s] a challenge to the admissibility of such information as evidence at trial." (Dkt. 318 at 3, 4, 5, 6, 7, and 8.) Even if that were true (which it is not), it would not be a basis to strike the language. Rule 7(d) allows the Court to strike surplusage, but only when the challenged language is irrelevant, inflammatory, and prejudicial. *Graves*, 5 F.3d at 1550. Price has made no showing that the challenged language is irrelevant to the charged bribery conspiracy, honest-services fraud, or tax allegations in the indictment. The Court should deny the motion on this basis alone.

Moreover, even though it is not required, there is no prohibition on an indictment setting forth the evidentiary details of the charged offenses. *United States v. Simpson*, Case No. 3:09-CR-249-D, 2011 WL 2880885, at *10 (N.D. Tex. July 15, 2011); *United States v. Moody*, 923 F.2d 341, 351 (5th Cir. 1991); *United States v. Williams*, 679 F.2d 504, 508 (5th Cir. 1982) (noting that Rule 7(c) "does not mean that the indictment must set forth facts and evidentiary details necessary to establish each of the elements of the charged offense"). The indictment is not evidence, and the government is certain the Court will instruct the jury in that regard. *See* Fifth Cir. Pattern Jury Instruction (Criminal) § 1.05 ("The indictment or formal charge against a defendant is not evidence of guilt."). Price seems to think that simply because the indictment says it, the government will be able to admit evidence of it. But the government is confident that the Court will assess the admissibility of the government's evidence based on the Federal Rules of Evidence, regardless of what is or is not stated in the indictment. *Simpson*, 2011 WL 2880885 at *10. This Court, not the government, is entrusted with determining the

admissibility of evidence.  *See, e.g.*, Fed. R. Evid. 611(a).

Turning to Commissioner Price's particular categories, he has made no showing that they are irrelevant, inflammatory, and prejudicial.  To begin with, Price objects to the references in the indictment to state and local law.  (Dkt. 318 at 2-3.)  The challenged language, however, is directly relevant to the charged offenses.  First, paragraph 6 of the indictment references Price's oaths of office as a County Commissioner and Section 36.02 of the Texas Penal Code, which prohibits bribery.  (Dkt. 1 ¶ 6.)  These provisions are relevant to the honest-services fraud allegation in the indictment.  *See United States v. Brumley*, 116 F.3d 728, 734 (5th Cir. 1997) (noting that a conviction of a state official for deprivation of honest services under § 1346 must be predicated on breach of a state-law duty); *United States v. Sanchez,* 502 F. Appx. 375, 381 (5th Cir. 2012) (noting that an indictment in a bribery case "referenced state law" and that doing so was "consistent with [*Brumley*]").  Second, paragraph 8 references the state law requiring public officials, such as Price, to file a financial statement under oath.  (Dkt. 1 ¶ 8.)  Given the charged bribery conspiracy, where Price received significant payments from Nealy, Price's sworn financial statements are relevant to show knowledge and state of mind, among other things.[1]  Third, paragraphs 18, 71, and 77 reference generally the bid process for county contracts.  These paragraphs are directly relevant to the charged bribery conspiracy, and certainly not inflammatory or prejudicial.  Moreover, they give context to the jury to help

---

[1]   Relatedly, Price challenges paragraphs referencing to the "state law mandated" personal financial statement.  (Dkt. 318 at 2-3 & 6-7.)  As noted above, that is directly relevant to the charged offenses in the case.

it understand the nature of the charge.  *See, e.g.*, *United States v. Oliver*, 2008 WL 2511751, at *3 (N.D. Tex. June 23, 2008).

Price also argues that each of the challenged categories of language are incorporated into the forfeiture notice, and thus the Court should strike the language there as well.  (Dkt. 318 at 3.)  That miscomprehends the nature of a forfeiture notice, which is not a charge in the indictment and is simply a notice to inform the defendant that the government seeks forfeiture as a remedy.  *See United States v. Loe*, 248 F.3d 449, 464 (5th Cir. 2001); Fed. R. Crim. P. 32.2(a).  In fact, paragraph 1 of the forfeiture notice makes clear that certain allegations are incorporated "for the purpose of giving notice."  (Dkt. 1, Forfeiture Notice, ¶ 1.)

Commissioner Price's remaining complaints are either that the indictment is too specific or not specific enough.  On the one hand, Price argues that phrases like "others" or "among other things" are "imprecise and indefinite."  But then he immediately argues that the indictment is "simply a narrative description" and "evidentiary"—that it contains too much detail—and therefore that the specific allegations must also be struck.  (*Compare* dkt. 318 at 4-5, with *id.* at 5-6.)  Both arguments fail.

As noted above, descriptive indictments are certainly not prohibited under Rule 7, except to the extent the language is irrelevant, inflammatory, and prejudicial.  *Graves*, 5 F.3d at 1550.  At the same time, broad, or "catch all," language is proper so long as it is relevant to the overall scheme.  *United States v. Wecker*, 620 F. Supp. 1002, 1006 (D. Del. 1985) (refusing to strike language referring to "numerous" purchases of chemicals in

"large" quantities as relevant to the charges); *United States v. Eisenberg*, 773 F. Supp. 662, 700 (D.N.J. 1991) (noting that phrases such as "among" and "elsewhere" are acceptable if they relate to the government's proof at trial). "[S]uch terms only refer[] to the proof of the crimes, and serve . . . as a device to allow the government to prove more than that alleged in the indictment. If the government were required to detail all of its proof in an indictment . . . the indictments in many cases would resemble books." *United States v. Climatemp*, 482 F. Supp. 376, 392 (N.D. Ill. 1979.) In either case, he has wholly failed to show that particular language is irrelevant, inflammatory, and prejudicial and thus has not meet his burden to strike any of the language under Rule 7.[2]

Finally, Commissioner Price suggests, without citing any authority or even explaining why, that this Court should simply dismiss the indictment altogether. (Dkt. 318 at 1, 8.) Regardless of the basis, the proper remedy for any violation of Rule 7 (which Price has not shown) is striking the challenged language, not dismissing the indictment. *See United States v. Freeman*, 285 F.2d 378, 379 (5th Cir. 1960) (holding that a "motion to strike the surplusage, rather than dismissal of the entire count, is the appropriate remedy"); *United States v. Hood*, 200 F.2d 639, 642 (5th Cir. 1953). This Court should therefore deny Price's motion to dismiss the indictment.

---

[2] Commissioner Price relies on *United States v. Freeman*, 619 F.2d 1112 (5th Cir. 1980), to suggest that the phrase "including, but not limited to" should be struck. (Dkt. 318 at 4-5.) Of note, that phrase is only used once in the indictment—in paragraph 2 of the forfeiture notice. For the reasons already discussed, Price's surplusage argument as to the forfeiture notice miscomprehends the point of the notice. And, in any event, while the court in *Freeman* stated that even though the phrase "including, but not limited to" should have been treated as surplusage, it did not vitiate the indictment. *Freeman*, 619 F.2d at 1118.

## CONCLUSION

This Court should deny Commissioner Price's motion without a hearing.

Dated: November 28, 2016

JOHN R. PARKER
UNITED STATES ATTORNEY

*/s/ J. Nicholas Bunch*
J. NICHOLAS BUNCH
Assistant United States Attorney
Texas Bar No. 24050352
1100 Commerce, Suite 300
Dallas, Texas 75242
Telephone: 214.659.8836
Facsimile: 214.767.4104
nick.bunch@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2016, I electronically filed the foregoing document with the Clerk of Court for the United States District Court for the Northern District of Texas using the electronic filing system of the Court. The electronic case filing system will send a notice of filing to all the attorneys of record who have consented to such service.

*/s/ J. Nicholas Bunch*
J. NICHOLAS BUNCH
Assistant United States Attorney